■ In the Matter of MIAN N. AHMAD et al., Respondents, v ZONING BOARD OF APPEALS OF THE CITY OF BINGHAMTON et al., Appellants, and COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Intervenor-Appellant. — Appeal from a *judgment of the Supreme Court at Special Term* (Fischer, J.), entered May 20, 1983 in Broome County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the City of Binghamton. Respondent Ronald J. Tierno owns two lots of undeveloped land located on the corner of Clubhouse Road and the Vestal Parkway in the City of Binghamton. These lots adjoin the Tierno family residence and are the only undeveloped parcels in a large tract which is zoned R-10, a single-family district. The R-10 classification includes as permitted uses one-family dwellings, group houses, municipal or private parks, golf courses, religious institutions, orphanages, community centers, hospitals, universities, and fire and water stations. However, only one-family dwellings, municipal parks, playgrounds, playfields, and water supply facilities are permitted without a special permit or any additional requirements. A certain limited amount of required off-street parking is permitted as an accessory use in R-10 zones, but there is no mention of a parking lot, standing alone, as a permitted nonresidential use. Furthermore, section 302 of the city's zoning ordinance provides, in pertinent part, that: "the use of land and buildings within [an R-10 single-family district] is limited to one-family, detached dwellings and to such nonresidential uses as generally support and harmonize with a generally low density residential area. * * * The nonresidential uses listed as permitted in these districts, subject to adequate conditions and safeguards, are hereby declared to be the only appropriate nonresidential uses for such areas." Across from Tierno's undeveloped lots, on the opposite side of Clubhouse Road, is the Town of Vestal. Located on this corner of Clubhouse Road and the Vestal Parkway are the home offices of intervenor Columbian Mutual Life Insurance Company (Columbian). Columbian holds an option to purchase Tierno's two undeveloped lots, subject to Tierno making application for and assisting in the securing of a revision in the zoning classification of the lots such that Columbian can improve the property into a 40- to 50-car parking lot for its employees. Pursuant thereto, Tierno applied for a use variance for these lots and, after a spirited public hearing at which local residents opposed the variance, respondent Zoning Board of Appeals of the City of Binghamton (board) granted the variance. Petitioners, who commenced this CPLR article 78 proceeding to challenge the board's decision to grant the variance, are homeowners whose property is located in the R-10 zone bordering Tierno's undeveloped lots. Special Term granted the petition and this appeal ensued. We affirm. Special Term determined that the board's decision to grant the variance was arbitrary and capricious and not supported by substantial evidence because Tierno had presented insufficient dollars and cents proof that no permissible use of his lots would yield a reasonable return (see *Matter of Village Bd. v Jarrold,* 53 NY2d 254). Special

Term further concluded that the board acted beyond its authority in granting a variance for a use neither permitted nor contemplated in an R-10 zone by the legislative body of the city as declared in the city's zoning ordinance. After reviewing the record, including the pertinent ordinances, we agree with Special Term and hold that the board acted beyond its authority in granting the use variance required by Tierno, even if his proof was adequate. The board is an administrative agency charged with administering the city's zoning ordinance (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.58, p 77). The authority of the board to grant a variance is set forth in subdivision 3 of section 711 of the city's zoning ordinance, which provides, *inter alia,* that, "No variance shall be granted by the board of appeals unless it finds * * * (c) The granting of the adjustment is in harmony with the general purpose and intent of this ordinance and of the city development plan". As already noted, a parking lot, standing alone, is not a permitted nonresidential use for an R-10 zone, in which are permitted only "such nonresidential uses as generally *support* and harmonize with a generally low density residential area" (City of Binghamton Zoning Ordinance, § 302; emphasis added). Not only is a parking lot not a permitted use, but the lot proposed would not support the residential area, as evidenced by the fact that the parking lot would be used by individuals employed by a business entity located in a different zoning classification in a different municipality. The minimal off-street parking permitted as an accessory use in an R-10 zone is of a wholly different character than the proposed parking lot because such off-street parking is required under the zoning ordinance to support uses permitted in an R-10 zone (see City of Binghamton Zoning Ordinance, § 604). Thus, respondents' reliance on *Matter of Unitarian Universalist Church v Cohen* (Supreme Ct, Broome County, April 16, 1982, Ellison, J.), which concerned parking facilities associated with a hospital and church, permitted R-10 zone uses, is unpersuasive. Accordingly, a parking lot, standing alone in an R-10 zone, is not consistent with the general purpose and intent of the city's zoning ordinance and the board was without authority to adopt a variance permitting the development of a parking lot to be used by Columbian's employees on Tierno's undeveloped lots. This disposition makes it unnecessary to consider whether Tierno's proof before the board was sufficient, as well as the other arguments advanced by the parties. Judgment affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.