■ In the Matter of STEWART WHEELER, Respondent, v CITY OF ELMIRA et al., Appellants, and ESTHER GLADKE et al., Intervenors-Appellants. — Appeal from

a judgment of the Supreme Court at Special Term (Ellison, J.), entered August 16, 1983 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Elmira denying petitioner's application for a use variance. ¶ Petitioner and his forebears have owned the subject property located at 302 Guinnip Avenue in the City of Elmira for over 70 years and, until July 1, 1980, had continuously operated a neighborhood grocery store on the ground floor of the premises. The second floor housed an apartment formerly used by family members but more recently leased to others. The lot was 3,360 square feet in size and the two-story structure occupied approximately 85% of the lot. This property was located within an area designated as residential A, which permits only one- and two-family dwellings with a minimum lot size of 500 square feet. The grocery business, begun prior to the zoning of the area, had operated under a certificate for continuation of a nonconforming use. On July 1, 1980, petitioner was forced to close the store by reason of his impaired health and, other than occasional sales to reduce the inventory, no activity was carried on and the property was advertised for sale. In November of 1982, petitioner received an offer of purchase which was conditioned upon the purchaser being permitted to carry on the grocery business in the same manner as it had previously been conducted. Petitioner sought certification for a continuance of the nonconforming use or, alternatively, a variance. When the application was denied, he sought relief from the Zoning Board of Appeals. Although the minutes are sketchy and no findings or decision appear in the record, it appears that the board refused to approve a continuation of the nonconforming use because it had been abandoned for over two years and denied the variance primarily because petitioner had other options with respect to the property. Thereafter, this proceeding was commenced and Special Term agreed with the board that the nonconforming use had been abandoned. However, Special Term found that petitioner had demonstrated a hardship sufficient to entitle him to a variance and remitted the matter to the board with the direction that the board issue the variance sought upon conditions deemed by it to be reasonable and necessary. With this holding we cannot agree. ¶ A long and well-established rule of a landmark case instructs us that before a use variance may be granted on the basis of hardship, the applicant: "must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" (*Matter of Otto v Steinhilber*, 282 NY 71, 76). Petitioner has the burden of proving a lack of reasonable return from the property so as to demonstrate that unnecessary hardship will follow a denial of the variance (2 Anderson, New York Zoning Law and Practice [2d ed], § 18.07, p 13; see *Matter of Croissant v Zoning Bd. of Appeals*, 83 AD2d 673, 674, app dsmd 55 NY2d 826). Moreover, that burden involves the presentation of all the specific relevant figures which the particular situation may require (see *Matter of Crossroads Recreation v Broz*, 4 NY2d 39, 44). "[B]efore a claim that a property is yielding less than a reasonable return may properly be interposed, the reasonable return for that property must first be known or at least be ascertainable" (*id.*, at p 45). This clearly means that dollars and cents evidence must show that no permissible use will yield a reasonable return (see *Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254; *Matter of Ahmad v Zoning Bd. of Appeals*, 99 AD2d 634). At bar, there was absolutely no dollars and cents proof presented to the board. Only after this proceeding was commenced did such proof surface and it consisted of

merely an estimate as to the cost of converting the subject property to apartments or offices, uses not permitted in the zone without a variance. The essential elements of proof are entirely lacking and the record affords no basis or yardstick by which a reasonable return may be ascertained. In view of this conclusion, we need not address the fulfillment, or lack thereof, of the other *Otto* requirements. ¶ The mandates of *Fayetteville* (*supra*) and *Ahmad* (*supra*) are stringent legal requirements but they are not entirely new (see *People ex rel. Fordham Manor Ref. Church v Walsh,* 244 NY 280, 290). In the absence of a uniform and stringent standard, the purpose of our zoning laws could be easily thwarted. At bar, it may well be that, because of the subject property's size and other factors, there is little likelihood that a reasonable return could be achieved through a permitted use. However, surmise and conjecture are not enough and, because this record is barren of the essential ingredients upon which a decision of this kind must rest, reversal is mandated. ¶ Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.