■ In the Matter of FIORELLO LO GUIDICE, Respondent, v DONALD WALLACE, as Chairman of the City of Albany Zoning Board of Appeals, et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered May 7, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Zoning Board of Appeals of the City of Albany denying petitioner's application for a use variance.

Petitioner commenced this CPLR article 78 proceeding to review a determination by respondent Zoning Board of Appeals of the City of Albany (the Board) which denied a use variance for the establishment of an Italian restaurant at 1148 Western Avenue in the City of Albany. The property is situated in a residential zone (R-2, two-family residential) but has the benefit of a vested nonconforming use for a nonresidential purpose, the lower floor of the subject two-story building having been used as a grocery store from 1955 to 1977 and as a print shop from 1977 to 1984. Petitioner purchased the property in 1978. However, since the nonconforming use commenced subsequent to the local enactment of the zoning law designating the area as residential, the property was never vested with a lawful nonconforming use *(see, Matter of Besthoff v Zoning Bd. of Appeals,* 34 AD2d 782; 1 Anderson, New York Zoning Law and Practice § 6.09, at 212-213 [3d ed]). Therefore, to qualify for a use variance, petitioner has the burden of proving that "unnecessary hardship" will result from a denial *(see, Matter of Croissant v Zoning Bd. of Appeals,* 83 AD2d 673, 674, *appeal dismissed* 55 NY2d 826).

In support of that burden, petitioner presented to the Board a professionally prepared financial statement comparing the net income of the property as presently used with the net income if the use variance is granted. The statement indicates that its present use results in a cash flow as a per cent of equity invested of 3.6%, while the proposed use as a restaurant will yield a 14.2% of invested equity. However, proof that more profitable use could be made of an applicant's land if a use variance was approved is not sufficient to show unnecessary hardship *(Matter of Gregory v Board of Appeals,* 57 NY2d 865). The circumstances which justify the granting of a use variance on the ground of unnecessary hardship were summarized by the Court of Appeals in *Matter of Otto v Steinhilber* (282 NY 71), wherein it held that: "Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" *(supra,* at p 76).

Here, while it can be argued that the property would yield a higher rate of return, based on a percentage of invested

equity, if the use variance were granted, it cannot be argued that the plight of the owner "is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself", nor "that the use to be authorized * * * will not alter the essential character of the locality" *(supra,* p 76). Petitioner should have been aware at the time of purchase that the neighborhood was zoned R-2 residential. Thus, petitioner's plight was not due to unique circumstances but, rather, to the condition of the neighborhood which he sought to alter after he purchased the property. Further, it cannot be denied that a use variance will alter the essential character of the locality. To service the proposed restaurant, petitioner proposes to provide parking in the rear of the building with access from Taft Avenue, a narrow street with no curbing or sidewalks, also located in an R-2 residential area. Testimony in opposition and photographs presented dramatically depict how the essential character of Taft Avenue would be changed. The Board reasonably concluded that the granting of a use variance would be materially detrimental to the public welfare and injurious to other property in the area. We agree.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.