■ In the Matter of JAMES R. COLLINS, Respondent, v JOHN J. CARUSONE, JR., et al., as Members of the Zoning Board of Appeals of the City of Saratoga Springs, et al., Appellants.— Main, J. P. Appeal from that part of a judgment of the Supreme Court (Doran, J.), entered May 6, 1986 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request for a use variance.

Petitioner is the owner of certain real property in the City of Saratoga Springs, Saratoga County, that is zoned as District C Conservancy Use property. After his purchase of the property, he obtained a use variance for that property allowing commercial use, and he operated a ski shop on the property. In 1983, he put the property up for sale, successively listing it with three realtors. In May 1985, petitioner contracted to sell the property to C & B Sanitation, Inc. (C & B), contingent upon obtaining a use variance to permit C & B to construct and operate a storage and cleaning facility for its refuse trucks. Respondent Zoning Board of Appeals of the City of Saratoga Springs (Board) denied petitioner's application for a use and area variance, and petitioner commenced this CPLR article 78 proceeding. In a lengthly decision, Supreme Court found the Board's denial of the use variance to be arbitrary and an abuse of discretion, and ordered that the use variance be granted.

We are of the opinion that Supreme Court erred in annulling the Board's decision. A zoning board is given discretion in the grant or denial of variances; accordingly, the court's power to review a zoning board's decision is limited, and a decision may not be set aside in the absence of illegality, arbitrariness or abuse of discretion (*Matter of Muller v Williams,* 88 AD2d 725, 726). "Where there is a rational basis for the local decision, that decision should be sustained. It matters not whether * * * a court would have, or should have, decided the matter differently" (*Matter of Cowan v Kern,* 41 NY2d 591,

599). In this case, petitioner was required to demonstrate "unnecessary hardship" consisting of three elements: a showing that the property cannot yield a reasonable rate of return under any of the allowed uses, a showing that his plight is due to unique circumstances, and a showing that granting the variance will not alter the essential character of the neighborhood *(Matter of Otto v Steinhilber, 282 NY 71, 76).* The Board found that petitioner did not make a sufficient demonstration of unnecessary hardship, and we cannot say that its decision was arbitrary or an abuse of discretion.

The first element of unnecessary hardship is satisfied by "dollars and cents" proof of "all matters bearing upon the return available under existing zoning" *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *see, Matter of Wheeler v City of Elmira,* 101 AD2d 647, 648, *affd* 63 NY2d 721). Under that standard, the testimony of petitioner's real estate broker to the effect that petitioner's property was unsuitable for any of the permitted uses under the zoning ordinance, without more, was insufficient *(see,* 2 Anderson, New York Zoning Law & Practice § 23.13, at 180 [3d ed]). Moreover, the Board could properly determine that a reasonable rate of return on petitioner's property would be a dollar amount less than that determined by petitioner's realtor, and, thus, find that petitioner did not demonstrate that he could not obtain that rate of return. Accordingly, petitioner failed to meet the first factor.

Petitioner's failure to meet the first factor would be sufficient for the Board to refuse petitioner's variance request. Nevertheless, we also note that it was within the Board's discretion to determine that petitioner failed to meet the other requirements of unnecessary hardship. The uniqueness requirement does not require petitioner's property to be the only property affected by the condition creating the hardship *(see, Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963, 965). "What is required is that the hardship condition be not so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted variances the zoning of the district would be materially changed" *(id.).* Here, all the properties near petitioner's property share the same hardship: proximity to the City of Saratoga Springs landfill. The Board did not abuse its discretion in determining that proximity to the landfill is not a unique feature of petitioner's property. Finally, it was within the Board's discretion to find that granting the variance would alter the essential character of the neighborhood, in light of

the concerns of a residential neighbor and the detrimental effect on a cemetery on adjoining property. Accordingly, Supreme Court's decision annulling the Board's determination regarding the use variance must be reversed and that determination reinstated.

Judgment modified, on the law, without costs, by reversing so much thereof as annulled respondents' decision and resolution denying petitioner's application for a zoning use variance and directed that the use variance be granted; respondents' denial of the use variance confirmed and petition dismissed; and, as so modified, affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.