■ In the Matter of Bonnie-Jean Varley et al., Appellants, v Zoning Board of Appeals of the City of Saratoga Springs, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered July 28, 1986 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent approving a request for, inter alia, a use variance.

Petitioners own property abutting a parcel of land in the City of Saratoga Springs, Saratoga County, for which a use variance was granted by respondent. The area is zoned for single-family residential use and respondent approved an application by Irving Metzger to use the property for commercial purposes, to erect a sign and to construct on-site parking. Metzger had contracted to purchase the property from James Provo for $105,000. Respondent granted the variance finding that use of the property as a single-family residence was impractical because it was located at a busy intersection and would not yield a reasonable return if sold as a single-family residence. Petitioners commenced the instant CPLR article 78 proceeding seeking to annul respondent's determination. Supreme Court dismissed the petition and this appeal ensued.

We reverse. The applicant for a use variance has the burden of proving that "unnecessary hardship" will result from denial of the variance (Matter of Lo Guidice v Wallace, 118 AD2d 913, 914). The test for unnecessary hardship is articulated in the often-quoted case Matter of Otto v Steinhilber (282 NY 71, 76) as follows: "Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." (Accord, Matter of Village Bd. v Jarrold, 53 NY2d 254, 257; Matter of Wheeler v City of Elmira, 101 AD2d 647, 648, affd 63 NY2d 721.) Proof of the first element of this test must be demonstrated factually by dollars and cents proof (see, Matter of Village Bd. v Jarrold, supra; Matter of Collins v Carusone, 126 AD2d 847). A use variance may not be granted merely on the ground that a variant use will yield a higher return than those permitted by the zoning regulations (Matter of Governale v Board of Appeals, 121 AD2d 539, 540; Matter of Croissant v Zoning Bd. of Appeals, 83 AD2d 673, 674, appeal dismissed 55 NY2d 826).

Here, Provo purchased the property in question in 1979 for $42,000 and has made approximately $1,000 in improvements. He made sporadic attempts to sell the property, consisting of advertising in a local newspaper approximately nine times per year since 1983 and allegedly placing a small "for sale" sign on the premises. The property was never listed with a realtor. Provo was asking $125,000 for the property and he rejected bids of $50,000 and $62,500. However, Metzger's expert testified that the fair market value of the property for residential purposes was $65,000 to $70,000, whereas its value as commercial property exceeded $100,000. It is evident that Provo did not make a bona fide attempt to sell the property at its residential value, but only sought its commercial value (see, Bellanca v Gates, 97 AD2d 971, affd 61 NY2d 878). Accordingly, we conclude that the proof failed to establish that an unnecessary hardship would result from denial of the variance.

We further note that Supreme Court, while recognizing that the proof that Provo made a bona fide attempt to sell the property was weak, nevertheless deferred to the personal

knowledge of the members of respondent in its decision dismissing the petition. While the personal knowledge of members of a zoning board of appeals may be a relevant factor, a board must set forth the facts known particularly to it, and not otherwise disclosed, which it relied upon *(Matter of Stein v Board of Appeals,* 100 AD2d 590). Respondent failed to disclose on the record what particular facts known to its members justified its decision. Hence, Supreme Court erred in deferring to the undisclosed personal knowledge of respondent's members.

Judgment reversed, on the law, without costs, petition granted and determination annulled. Main J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.