■ In the Matter of DONALD R. SHEELEY et al., Appellants, v ERWIN LEVINE et al., Constituting the Zoning Board of Appeals of the City of Saratoga Springs, Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Brown, J.), entered April 5, 1988 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents granting the Masonic Hall Association of Saratoga Springs' request for use and area variances.

In November 1987, the Zoning Board of Appeals of the City of Saratoga Springs (hereinafter the Board) granted an application for use and area variances to the Masonic Hall Association of Saratoga Springs (hereinafter the Masons). The application involved property owned by the Masons and located in the city. Two buildings are on the property, a Masonic Temple Lodge used by the Masons and a carriage house. The property is zoned for single-family residences. Lot sizes require a minimum of 12,500 square feet with front and rear yard setback minimums of 30 feet each. A minimum side yard setback of 12 feet is also required.

Before applying for the area and use variances, the Masons had entered into an agreement for the sale of the carriage house only. The agreement was, however, contingent upon approval of a plan that subdivided the property into two separate lots. The plan did not meet with the minimum area and setback requirements and also called for conversion of the carriage house into a two-family residence. Initially, the city's building inspector denied the Masons' application, whereupon the Masons appealed to the Board. A hearing was held by the Board in October 1987 and the Masons' application was reviewed. Thereafter, the Board granted the Masons' application. Petitioners, who are nearby residents, then commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court upheld the Board's decision and petitioners have appealed.

Petitioners claim that the Masons failed to establish the necessary requirements for obtaining either the use variance or the area variance. We disagree and in so doing note that a court's power to review a zoning board's decision is limited, and the decision may not be set aside in the absence of illegality, arbitrariness or abuse of discretion (*Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Collins v Carusone,* 126 AD2d 847).

We turn first to petitioners' arguments regarding the grant of the use variance. Before the Board could exercise its discretion and grant the use variance, the Masons were required to prove unnecessary hardship which is established by a showing that: (1) the property could not yield a reasonable return under the allowed uses, (2) their plight was due to unique circumstances, and (3) the proposed use would not alter the essential character of the neighborhood (*see, Matter of Otto v Steinhilber,* 282 NY 71, 76).

Proof of an inability to yield a reasonable return must be

done in "dollars and cents form" *(Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). Here, the real estate broker who sold the property testified that he had made substantial efforts to sell the carriage house by listing it at a price comparable with similar structures, placing it in a multiple listing and sending letters to potential buyers. He stated that the property had been shown to 41 people with no one indicating interest in it as a single-family home. In our view, these were not simply conclusory assertions *(cf., Matter of Village Bd. v Jarrold, supra,* at 259; *Matter of Collins v Carusone, supra,* at 848), nor was this the only proof offered by the Masons to satisfy this first element of the unnecessary hardship test. An architect also testified that due to the large size of the carriage house, it would be difficult and impractical for single-family use. The original purchase price of the property was given *(see, Matter of Crossroads Recreation v Broz,* 4 NY2d 39, 44), the estimated cost of renovations for both two-family and one-family use was given, as was the competitive value of other similar residences. In our view, enough evidence was presented to support the Board's conclusion that the property would not yield a reasonable return if the use variance was not permitted *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393; *cf., Matter of Village Bd. v Jarrold, supra).*

Uniqueness, the second prong of the unnecessary hardship test, did not require that the Masons show that theirs was the only property affected by the hardship *(see, Matter of Collins v Carusone, supra,* at 848). While there were other carriage houses in the neighborhood, they were not of the size of this carriage house. Additionally, none were positioned behind a fraternal lodge. In our view, these factors permitted a conclusion by the Board that the uniqueness requirement had been met.

We also agree that the evidence supported the Board's determination that the final prong of the test, no adverse impact on the neighborhood, had been satisfied. The carriage house is currently in a state of dilapidation requiring extensive repair. The renovation plans show that they are extensive and will much improve the building's appearance and that the major structural changes will occur inside the building. The local historical organization was also in support of the change. Therefore, the evidence supports the Board's findings that all three of the elements required to show an unnecessary hardship were satisfied and the Board did not abuse its discretion in granting the use variance.

Turning to the grant of the area variance, an applicant for

such must demonstrate that "strict compliance with the zoning ordinance will result in practical difficulties" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). That is, the applicant must show that he cannot use the property without coming into conflict with the applicable zoning ordinances *(Matter of Fuhst v Foley,* 45 NY2d 441, 445, supra). The applicant for an area variance bears a lighter burden of proof than one who desires a use variance *(Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 606). Here, the Board noted that the carriage house and the lodge had been sited prior to the current zoning ordinances and that the Masons were requesting only the "minimum" required change to alleviate their difficulties. The record also shows that it was due to the subdivision of the property that the minimum requirements were not being met. Further, to get the off-street parking needed to accommodate two families, encroachment of the minimum requirements also occurred. In our view, the Board's findings and the evidence in the record provide support for its decision to grant the area variance.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.