■ In the Matter of DEMETREO GRECO et al., Appellants, v JULIE DENISON et al., Constituting the City of Albany Board of Zoning Appeals, Respondents. [599 NYS2d 761] —Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered December 16, 1991 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the City of Albany Board of Zoning Appeals denying petitioners' request for a use variance.

Petitioners applied for a use variance to expand their restaurant business. Such an application was necessary because the business was located in a residential zoning district. The City of Albany Board of Zoning Appeals (hereinafter the Board) denied the request, prompting petitioners to commence this proceeding. Supreme Court dismissed their petition and this appeal followed.

Petitioners contend that the Board erred in determining that they failed to establish the necessary requirements for obtaining a use variance. We disagree. In doing so, we initially note that zoning boards have broad discretion to consider variance applications *(see, Matter of La Dirot Assocs. v Smith,* 169 AD2d 896). Our power to review such decisions is limited and we may not set aside a determination in the absence of illegality, arbitrariness or abuse of discretion *(see, Matter of Sheeley v Levine,* 147 AD2d 871). Petitioners had the burden of proving that "unnecessary hardship" would result from a denial of their application *(see, Matter of Varley v Zoning Bd. of Appeals,* 131 AD2d 905). To do this they had to show that their property could not yield a reasonable return if used only for the purpose allowed by the applicable zoning law, that there were unique circumstances and that the variance would not alter the essential character of the locality *(see, Matter of*

*Dwyer v Polsinello,* 160 AD2d 1056). With respect to the last factor, petitioners failed to show that the expansion would not have an "adverse impact on the neighborhood" *(Matter of Sheeley v Levine, supra,* at 873). In our view, the Board rationally concluded that, based upon the evidence before it, the proposed variance would be "materially detrimental to the public welfare and injurious to other property in the vicinity" *(see, Matter of Collins v Carusone,* 126 AD2d 847).

In addition, the Board also sufficiently set forth the facts used to justify its decision *(cf., Matter of Varley v Zoning Bd. of Appeals, supra).* The evidence before the Board revealed that there were four commercial establishments within a one-block radius and that there were continuing problems with litter and trash removal. The Board cited these problems, noting that the area was still zoned residential and that petitioners' operation contributed to the congestion. Petitioners' remaining contentions have been considered and rejected as unpersuasive.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.