■ In the Matter of FOREST VIEW NURSING HOME, Appellant, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, Respondent. [600 NYS2d 831] —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 8, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent that petitioner is collaterally estopped from relitigating issues relating to its Medicaid reimbursement rate.

Petitioner, the operator of a residential health care facility located in Queens County, filed administrative appeals (hereinafter the current rate appeal) following the issuance of two final audit reports concerning petitioner's Medicaid reimbursement rate, the first audit covering the 1975 through 1979 rate years and the second audit covering the 1981 rate year. Petitioner contended, *inter alia,* that the real property historical costs used in the audits were inaccurate. Respondent's designee determined that petitioner's real property historical costs had been finally determined during a prior audit conducted by the Department of Health (hereinafter DOH) and, therefore, petitioner was barred from relitigating the issue by the doctrine of collateral estoppel. In this CPLR article 78 proceeding, petitioner contends that the doctrine of collateral estoppel was wrongly invoked because two key elements of the doctrine, identicality of issues and full and fair opportunity to litigate *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501), are absent. Supreme Court rejected petitioner's argument and dismissed the petition, resulting in this appeal by petitioner.

The prior audit by DOH, which concerned petitioner's cost reports for the years 1970 through 1974, was conducted at about the same time as a pending administrative rate appeal (hereinafter the prior rate appeal) in which petitioner sought revisions in its Medicaid reimbursement rates for the years 1976 through 1978. Among the issues raised by petitioner during the prior rate appeal was the use of historical costs in determining the real property component of the reimbursement rates. Petitioner's prior rate appeal was granted in part and rejected in part. As to land costs, DOH stated, "Land historical costs are being processed by Department auditors. When the audit is complete the land will be given its fair market value." Petitioner sought no further administrative review of DOH's determination of the prior rate appeal.

When the reports of the audit were subsequently issued, petitioner initiated an administrative appeal and argued, *inter alia,* that the land cost found by the auditor was insufficient to reflect the fair market value of the land at the time of the creation of the facility. Petitioner's argument was rejected on the ground that no documentation had been submitted to support its position. Petitioner elected not to proceed any further with the administrative review process.

In the current rate appeal, petitioner submitted evidence relevant to the fair market value of the land at the time the facility was constructed and argued that it was not being allowed the fair market value of the land as a component of its Medicaid reimbursement rates. According to petitioner, its entitlement to use the fair market value of the land was established by DOH in the prior rate appeal, but the prior audit did not use fair market value because no documentation was then available and no appraisal was performed. Petitioner concludes, therefore, that the issue of fair market value was never decided and that, in any event, it never had the opportunity to litigate the issue. We disagree.

To establish the requisite identity of issue, there must be an identity between the particular matter in the second proceeding and that presented in the first proceeding, and it must be shown that this identical issue was necessarily decided in the first proceeding and is conclusive in the subsequent proceeding *(D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 666). For a question to have been actually litigated, so as to satisfy the required identity of issues, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding *(Halyalkar v Board of Regents,* 72 NY2d 261, 268).

In the current rate appeal, petitioner contends that the land valuation component of its real property historical costs does not accurately reflect fair market value of the land. That same question was clearly placed in issue during petitioner's administrative appeal of the prior audit reports to DOH's Bureau of Audit Appeals (hereinafter the Bureau). As summarized by the Bureau in its decision, petitioner argued that the auditor's land valuation, based upon petitioner's cost of acquisition, is "insufficient to reflect the fair market value of the land ($300,000) at the time of the creation of the facility". Petitioner's argument was rejected due to lack of documentation to support its position, and the auditor's decision regarding land valuation was upheld. Petitioner argues that it bore no burden of providing documentation because DOH had previously directed that the fair market value of the land be used, but this argument is relevant to the propriety of the prior determination by the Bureau, not to the question of whether petitioner's fair market value claim was put in issue and decided during the Bureau's review of the prior audit reports. That claim, which is the same as petitioner's claim in the current rate appeal, was raised and rejected during the course of the administrative proceedings on the prior audit. As a result of petitioner's decision not to proceed with further administrative review and then judicial review, the determination became final and binding. We conclude, therefore, that the requisite identity of issues has been established.

As to the full and fair opportunity to litigate, petitioner raised the fair market value of issue on its appeal of the prior audit to the Bureau, and it is undisputed that further administrative review of Bureau's decision was available. Petitioner asserts a number of vague claims concerning its incentive to appeal, the interrelationship of the prior audit and the prior rate appeal, and new evidence, but we find these claims insufficient to meet petitioner's burden to establish the absence of a full and fair opportunity to litigate the issue in the prior proceeding *(see, Ryan v New York Tel. Co., supra)*. Supreme Court correctly dismissed the petition and its judgment should therefore be affirmed.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.