■ In the Matter of LOUIS BERCHIELLI et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF WESTERLO, Respondent. [608 NYS2d 570] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 13, 1993 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination that a certain lot was not subject to zoning requirements.

In 1985, Patricia Camp acquired a 5.2-acre parcel of land in the Town of Westerlo, Albany County. In 1986, Camp conveyed 2.3 acres of her parcel to Martin Perrin and Sandra Perrin, upon which they constructed a residence. In 1987, Camp conveyed an additional 1.98-acre parcel to the Perrins. The parties agree that at the time of the second conveyance, the parcel was subject to the Town of Westerlo Land Subdivision Regulations which provided, inter alia, that "[w]henever any subdivision of land is proposed to be made * * * before any contract for the sale of * * * any lots * * * the subdivider * * * shall apply in writing * * * for approval" (Town of Westerlo Land Subdivision Regulations, art III, § 1 [A]). In order to grant approval, the Town's Planning Board must

review the proposed subdivision and insure that any construction is in compliance with any zoning ordinance then in effect *(id.,* at art V, § 5 [A]). At the time of the aforesaid conveyances, there was no minimum lot size requirement in the Town. In 1989, the Town enacted a zoning ordinance which imposed a minimum lot size of three acres for single-family dwelling units.

In 1990, the Perrins applied for a building permit to erect a mobile home on their 1.98-acre parcel, which was denied due to insufficient lot size. The Perrins applied for a variance to respondent, which ultimately determined that a variance was unnecessary because there was no minimum lot size requirement at the time of the conveyance to the Perrins and, therefore, the lot constituted a nonconforming use. Accordingly, the Perrins were determined to be entitled to a building permit and certificate of occupancy.

Petitioners instituted this CPLR article 78 proceeding to annul respondent's determination. Supreme Court held that respondent properly concluded that the zoning regulations did not bar the Perrins' use of the parcel, but did not concur with respondent that it constituted a nonconforming use. Rather, Supreme Court, relying upon *Matter of Dittmer v Epstein* (34 AD2d 675), reasoned that prohibiting the Perrins from erecting a mobile home on the parcel constituted an unconstitutional deprivation of property and, accordingly, confirmed the determination.

We agree with petitioners' contention that a court reviewing an administrative determination must judge the propriety of such action solely on the grounds invoked by the agency, and if those grounds are inadequate or improper, the court is powerless to confirm on grounds it deems adequate or proper *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). Accordingly, Supreme Court exceeded its scope of review in upholding the determination on what it considered to be a more proper basis, and our inquiry will focus upon the propriety of respondent's rationale for its determination.

An ordinance which permits the continuance of an existing use protects only those uses which existed prior to and on the effective date of the ordinance (1 Anderson, New York Zoning Law and Practice § 6.08, at 211 [3d ed]; *see, Matter of Lo Guidice v Wallace,* 118 AD2d 913; *Incorporated Vil. of Old Westbury v Alljay Farms,* 100 AD2d 574, *mod on other grounds* 64 NY2d 798). A "contemplated use is not an actual

use of land which is protected by the courts as a vested right, or by ordinances which provide for the continuance of existing uses" (1 Anderson, American Law of Zoning § 6.18, at 346). Inasmuch as the lot in question was vacant at the time of the enactment of the zoning ordinance, the subsequent erection of a mobile home on the lot cannot constitute a protected nonconforming use.

We also conclude that respondent improperly determined that the Town and its Zoning Enforcement Officer are estopped from denying the Perrins a permanent certificate of occupancy. "[E]stoppel is not available to preclude a municipality from enforcing the provisions of its zoning laws and the mistaken or erroneous issuance of a permit does not estop a municipality from correcting errors, even when there are harsh results" *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed and cert denied* 488 US 801).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and petition granted.