■ In the Matter of FIRST NATIONAL BANK OF DOWNSVILLE, Appellant, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. (Proceeding No. 1.) In the Matter of FIRST NATIONAL BANK OF DOWNSVILLE, Respondent, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Appellants. (Proceeding No. 2.) [628 NYS2d 199] —White, J. Appeal, in proceeding No. 1, from a judgment of the Supreme Court (Kahn, J.), entered August 27, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Board of Zoning Appeals denying petitioner's application for a use variance.

Appeal, in proceeding No. 2, from a judgment of the Supreme Court (Cobb, J.), entered February 23, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent City of Albany Board of Zoning Appeals denying petitioner's application for a use variance.

In September 1989, petitioner First National Bank of Downsville (hereinafter the Bank)\* accepted a deed in lieu of foreclosure for premises known as 312 Quail Street in the City of Albany. At the time it accepted the deed, the premises contained seven dwelling units despite the fact the building was located in an "R-2" zoning district in which buildings with more than two dwelling units are not permitted. In October 1991, respondent City of Albany Building Department issued an order directing the Bank to stop using the premises as a seven-unit dwelling and reduce usage to two units.

---

\* On December 31, 1993, United Bank Corporation of New York (hereinafter UBC) became the successor in interest to the Bank which dissolved. This merger had no effect on these appeals (*see,* Banking Law § 602 [4]). We note that the Bank remains as an appropriately named party in these appeals as it does not appear that UBC has been formally substituted in its place (*see,* CPLR 1018).

Thereafter, in February 1992, the Bank applied to respondent City of Albany Board of Zoning Appeals (hereinafter the ZBA) for a use variance. Following a hearing the ZBA denied the application, finding, *inter alia*, that the property was not unique and that the Bank's claimed economic hardship was self-imposed. The Bank then commenced a CPLR article 78 proceeding to review the determination (hereinafter proceeding No. 1). Supreme Court dismissed the petition, prompting the Bank to appeal.

Prior to prosecuting the appeal, the Bank applied to the ZBA for a use variance for a five-unit dwelling. The application was denied by the ZBA for the same reasons as before. The Bank then brought another CPLR article 78 proceeding (hereinafter proceeding No. 2). Supreme Court granted its petition on the ground, *inter alia*, that the ZBA's determination that the Bank's economic hardship was self-imposed was arbitrary and capricious. Respondents in proceeding No. 2 appeal.

Because a zoning board has broad discretion in considering variance applications (*see, Matter of Greco v Denison*, 195 AD2d 660), our role is limited to ascertaining whether its determination is supported by substantial evidence (*see, Matter of Khanuja v Denison*, 203 AD2d 679, 680). We are further limited by the principle that judicial review of an administrative determination is restricted solely to the grounds invoked by the administrative agency as the basis for its decision (*see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593).

With respect to proceeding No. 1, our initial inquiry is whether the ZBA's finding that the Bank's economic hardship was self-imposed has support in the record. Hardship in the context of zoning is self-imposed where the applicant for a variance acquired the property subject to the restrictions from which he or she now seeks relief (*see, Matter of Eung Lim-Kim v Zoning Bd. of Appeals*, 185 AD2d 346, 347). The Bank contends that this principle should not apply here because it acquired the property in good faith and used reasonable diligence to determine if the premises complied with existing zoning regulations. As evidence thereof, the Bank points to the fact it was allegedly induced to accept a mortgage of the premises as security for a loan by the mortgagee's representations that the property was being properly used as a seven-unit dwelling. Additionally, prior to accepting the deed, it obtained an appraisal of the premises verifying its use as a seven-unit dwelling.

We do not accept the Bank's contention that it exercised reasonable diligence since it made no attempt to ascertain from the zoning authorities if the premises were in compliance with the zoning ordinance, nor did it require the mortgagee to produce certificates of occupancy for each of the units. Moreover, even though it may have lacked knowledge of the applicable provisions of the zoning ordinance, it was bound by them (see, Matter of Tharp v Zoning Bd. of Appeals, 138 AD2d 906, 907). Thus, we find that the ZBA's finding of self-imposed hardship is supported by substantial evidence.

The ZBA's finding that the Bank failed to establish unique circumstances is also supported by substantial evidence. Contrary to the Bank's assertion that the unique circumstances test focuses on the plight of the owner, the proper inquiry is whether there are any unique conditions peculiar to and inherent in the property as compared to other properties in the zoning district (see, Matter of Drake v Zoning Bd. of Appeals, 183 AD2d 1031; Matter of Morano v Bennett, 181 AD2d 889, 890; Matter of Collins v Carusone, 126 AD2d 847, 848). Here, there is no such evidence, and accordingly, we shall affirm the judgment entered in proceeding No. 1.

Turning to proceeding No. 2, Supreme Court erroneously rejected respondents' argument that the Bank was collaterally estopped from relitigating the issue of self-imposed hardship since their answering papers included the decision rendered in proceeding No. 1 which showed that this issue was actually litigated and determined therein (see, Matter of Forest View Nursing Home v Perales, 195 AD2d 916, 917). Further, the Bank did not attempt to establish that it did not have a full and fair opportunity to litigate this issue in proceeding No. 1 (see, Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 73).

Therefore, in view of the applicability of the doctrine of collateral estoppel to the issue of self-imposed hardship and because the Bank again did not establish "unique circumstances", Supreme Court erred in granting the petition in proceeding No. 2. Accordingly, we reverse.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment entered August 27, 1992 is affirmed, without costs. Ordered that the judgment entered February 23, 1994 is reversed, on the law, without costs, determination confirmed and petition dismissed.