■ In the Matter of Enrique A. Diana et al., Respondents, v City of Amsterdam Zoning Board of Appeals, Appellant. [664 NYS2d 634] —Mercure, J. Appeal from a judgment of the Supreme Court (Best, J.), entered September 17, 1996 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul that portion of a determination of respondent denying petitioners a use variance.

In November 1994, petitioners purchased the former National Guard Armory situated in the City of Amsterdam, Montgomery County, from the State at a public auction conducted pursuant to Public Lands Law § 33. At the time of the purchase, the property was situated in an "R-2" zone of the City, which permitted it to be utilized as a one or two-family residence. Petitioners used the armory as their home until July 1995, at

which time they made application for a permit to convert the first floor of the armory building into dormitory style rooms to house up to 25 international college students and to utilize the gymnasium for occasional community cultural, musical and sporting events and as a day-care facility. Upon administrative appeal to respondent, all of the proposed uses were allowed except for the use of the property for dormitory rooms. Petitioners then challenged respondent's determination in this CPLR article 78 proceeding. Supreme Court granted the petition and annulled respondent's denial of the request for dormitory style housing for 25 female college students. Respondent appeals.

It is settled law that in order to obtain a use variance, the burden is on the applicant to show that the restrictions on the property have caused unnecessary hardship (*see, Matter of Save the Pine Bush v Zoning Bd. of Appeals*, 220 AD2d 90, 95, *lv denied* 88 NY2d 815; *see also, Matter of Citizens Sav. Bank v Board of Zoning Appeals*, 224 AD2d 797), which requires a showing that (1) the property cannot provide a reasonable return as it is currently zoned, (2) the hardship results from the unique characteristics of the property, (3) the proposed use will not alter the nature of the neighborhood, and (4) the hardship was not self-imposed (*see, Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 780; *Matter of Family of Woodstock v Auerbach*, 225 AD2d 854, 855). Although petitioners make a fairly strong case for the contention that they satisfied the first two elements and arguably the third as well, we conclude that their application was foredoomed by the complete absence of evidence to support a finding that the hardship was not self-imposed (*see, Matter of First Natl. Bank v City of Albany Bd. of Zoning Appeals*, 216 AD2d 680, 681).

Notably, hardship will be considered self-imposed when the applicant for the variance acquired the property subject to the restriction and was aware of the restriction at the time of purchase (*see, id.*, at 681). Here, although the prior use of the gymnasium for sporting events may have led petitioners to believe that their proposed uses of the gymnasium for cultural, musical and sporting events and a day-care center were "grandfathered", they had no reasonable expectation of their entitlement to a use variance with regard to the use of the property as a dormitory for 25 students. Further, the fact that petitioners bought the property at an auction, effectively precluding them from making the purchase contingent upon the grant of a zoning variance, does not alter the outcome. The record establishes that petitioners were aware of the zoning restric-

tion and they were, of course, under no compulsion to purchase the property (*see, id.*).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.