LESLIE A. WESTON, Appellant, v CORNELL UNIVERSITY, Respondent. [983 NYS2d 353]—

Rose, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered September 19, 2012 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant hired plaintiff in 1998 as an associate professor. The letter offering the position described it as being "with tenure" and indicated that plaintiff would be able to apply for a promotion to a full professorship in less than three years after she was hired. The offer letter also indicated that the tenure recommendation was required to be submitted through defendant's review process for confirmation, but that no problems were anticipated. Nevertheless, plaintiff's 2003 submission for tenure and full professorship was unsuccessful, resulting in a two-year extension of her appointment and a second unsuccessful request for tenure in 2005.

After plaintiff's employment was terminated in 2007, she commenced this action seeking to recover for breach of contract and gender discrimination. She also commenced a separate CPLR article 78 proceeding challenging the 2005 tenure review process. Although Supreme Court (Mulvey, J.) granted defendant's pre-answer motion in this action to dismiss the breach of contract cause of action, we reversed and reinstated that claim (56 AD3d 1074 [2008]). While that appeal was pending, Supreme Court (Mulvey, J.) also dismissed the article 78 proceeding. Defendant then moved for summary judgment dismissing the complaint in this action, and Supreme Court (Rumsey, J.) granted the motion on collateral estoppel grounds. Plaintiff appeals, contending that collateral estoppel does not apply because the merits of the breach of contract and gender discrimination claims were not decided as part of the article 78 proceeding. We agree.

Collateral estoppel is a flexible doctrine that "precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity" (*Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *see Schultz Constr., Inc. v Franbilt, Inc.*, 14 AD3d 895, 896 [2005]; *Matter of Hickey v Sinnott*, 277 AD2d 572, 573 [2000]). Issue identity will be found where an issue was actually litigated in a prior proceeding by being "properly raised by the pleadings or otherwise placed in issue and actually determined" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 666-667 [1990] [internal quotation marks and citation omitted]; *accord Matter of Forest View Nursing Home v Perales*, 195 AD3d 916, 917 [1993]). Our review of the pleadings, proceedings and decision of Supreme Court (Mulvey, J.) in the CPLR article 78 proceeding reveals that the determination of whether defendant was in breach of contract or discriminated against plaintiff based on her gender was not actually litigated in that proceeding.

Although plaintiff references the contract and gender discrimination in her CPLR article 78 petition, the thrust of her claim in that proceeding was that defendant failed to comply with its procedures in making the determination to deny her tenure in 2005 by, among other things, failing to allow her to respond to faculty concerns, not voting according to protocol and not appropriately addressing her appeal. In its decision dismissing the article 78 proceeding, Supreme Court (Mulvey, J.) discussed only the 2005 tenure denial and concluded that defendant "substantially complied with its procedures for the determination of the tenure application." The court neither ad-

dressed the merits of plaintiff's breach of contract claim nor determined whether the denial of tenure was improperly based on gender discrimination. Under these circumstances, the current claims were not actually litigated in the prior proceeding and the doctrine of collateral estoppel should not have been applied (*see Matter of Kruse v New York State Div. of Human Rights*, 85 AD3d 1609, 1609-1610 [2011]; *Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1000 [2007]; *DiLauria v Town of Harrison*, 32 AD3d 490, 491 [2006]). In light of our decision, we remit the matter to Supreme Court for determination of defendant's motion for summary judgment on the merits.

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.