Matter of 54 Marion Ave., LLC v City of Saratoga Springs (2019 NY Slip Op 06560)





Matter of 54 Marion Ave., LLC v City of Saratoga Springs


2019 NY Slip Op 06560


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

528705

[*1]In the Matter of 54 Marion Avenue, LLC, et al., Appellants,
v
City of Saratoga Springs et al., Respondents.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Ferradino Firm, PLLC, Saratoga Springs (Stephanie W. Ferradino of counsel), for appellants.
Vincent J. DeLeonardis, City Attorney, Saratoga Springs, for respondents.



Devine, J.
Appeal from a judgment of the Supreme Court (Chauvin, J.), entered December 14, 2018 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the City of Saratoga Springs denying petitioners' request for a use variance.

 As detailed in our prior decision (162 AD3d 1341 [2018]), petitioner 54 Marion Avenue, LLC (hereinafter the owner) owns a vacant lot in the City of Saratoga Springs, Saratoga County. The property is in a zoning district where commercial uses are generally forbidden. Petitioner Maple Shade Corners, LLC agreed to purchase the property if it was permitted to build a nonconforming dental office on the site, prompting an application to respondent Zoning Board of Appeals of the City of Saratoga Springs (hereinafter ZBA) for a use variance. The ZBA denied the application.

 Petitioners responded by commencing this CPLR article 78 proceeding and plenary action. Supreme Court granted respondents' motion to dismiss the petition/complaint for failure to state a cause of action. Upon appeal from that judgment, we reinstated "a viable claim attacking the ZBA's determination" and remitted for further proceedings (162 AD3d at 1343). Supreme Court, following joinder of issue, discerned a rational basis in the record for the ZBA's determination and dismissed the petition on the merits. Petitioners appeal, and we now affirm.

 "A zoning board is given discretion in the grant or denial of variances; accordingly, the court's power to review a zoning board's decision is limited, and a decision may not be set aside in the absence of illegality, arbitrariness or abuse of discretion" (Matter of Collins v Carusone, 126 AD2d 847, 847 [1987] [citation omitted]; see Matter of Cowan v Kern, 41 NY2d 591, 599 [1977]; Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1281 [2011]). As a result, if "there is a rational basis for the local decision, that decision should be sustained" (Matter of Cowan v Kern, 41 NY2d at 599; see Matter of Feinberg-Smith Assoc., Inc. v Town of Vestal Zoning Bd. of Appeals, 167 AD3d 1350, 1351 [2018]; Matter of Wen Mei Lu v City of Saratoga Springs, 162 AD3d 1291, 1292 [2018]).

 To qualify for a use variance, petitioners must demonstrate "that (1) they cannot realize a reasonable return if the property is used for a permitted purpose, (2) the hardship results from unique characteristics of the property, (3) the proposed use will not alter the essential character of the neighborhood, and (4) the hardship has not been self-created" (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005], lv denied 6 NY3d 701 [2005]; see General City Law § 81—b [3]; Matter of Rehabilitation Support Servs., Inc. v City of Albany Bd. of Zoning Appeals, 140 AD3d 1424, 1425 [2016]). The ZBA determined that the burden had not been satisfied with regard to the second and fourth of those factors.

 A hardship need not be totally limited to the subject property in order to satisfy the second factor, but must still pose unique and peculiar issues for it and cannot stem from problems "so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted variances the zoning of the district would be materially changed" (Matter of Douglaston Civic Assn. v Klein, 51 NY2d 963, 965 [1980]; see Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d at 1283; Matter of Collins v Carusone, 126 AD2d at 848). Although the property's proximity to the intersection of a residential street and a thoroughfare exposed it to traffic and congestion that impacted its value, the ZBA pointed out that these problems affect "a substantial portion of the neighborhood," which includes residences lying along the thoroughfare itself. Indeed, the record contains maps and photographs reflecting the surrounding commercial buildup and correspondence from nearby homeowners complaining how traffic and commercialization have affected them. The ZBA could rationally find from the foregoing that the development in the area did not cause a unique hardship for the property (see Matter of First Natl. Bank of Downsville v City of Albany Bd. of Zoning Appeals, 216 AD2d 680, 682 [1995]; Matter of Citizens for Ghent v Zoning Bd. of Appeals of Town of Ghent, 175 AD2d 528, 530 [1991]; Matter of Collins v Carusone, 126 AD2d at 848-849).

 As for whether the hardship was self-created, the property was zoned for residential use when the owner's affiliated predecessor-in-title acquired it in 1982. The ZBA found that further commercialization in nearby areas was foreseeable by then, as businesses were already present on the thoroughfare. The ZBA also noted that the owner and its related predecessors had long expressed interest in putting the property to nonconforming commercial use, as reflected in a 1987 application for a use variance and later efforts to market the property for commercial use. These actions deterred a residential sale and caused the owner to incur mounting carrying costs over time, and the owner impaired its ability to recover those costs by demolishing a residence on the property that it had allowed to deteriorate and then attempting to sell the property as a vacant lot. There was therefore a rational basis for the ZBA to conclude that the hardship was self-created (see Matter of Rehabilitation Support Servs., Inc. v City of Albany Bd. of Zoning Appeals, 140 AD3d at 1426; Matter of Morrissey v Apostol, 75 AD3d 993, 997 [2010]; Matter of Diana v City of Amsterdam Zoning Bd. of Appeals, 243 AD2d 939, 940-941 [1997]; cf. Matter of Siano v City of Saratoga Springs Zoning Bd. of Appeals, 41 AD3d 952, 952 [2007]). Thus, even if Supreme Court erred in conducting an on-site inspection to supplement the evidence in the administrative record (see e.g. Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110 [2005]), our review of the record affords no reason to disturb the ZBA's determination.

 Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.



 ORDERED that the judgment is affirmed, without costs.