In the Matter of JONATHAN M. ALLEN, Petitioner, and STATE UNIVERSITY OF NEW YORK, Intervenor-Petitioner, against GEORGE L. FERSH et al., Constituting the Zoning Board of Appeals of the City of Plattsburgh, et al., Respondents.— This is a proceeding under article 78 of the Civil Practice Act (transferred to this court by order of the Supreme Court) to review a decision

of the zoning board of appeals of the City of Plattsburgh, New York, which granted the application of respondents McDowell for a variance and authorized the construction of a gasoline service station on their property, which is located in a residential zone. Prior to the effective date of the zoning ordinance the McDowells had been granted a final building permit by the building inspector for the construction of a modern gasoline station upon the property in accordance with specifications filed. This permit became ineffective, however, because the foundation had not been laid prior to the effective date of the ordinance, as required by its terms. The property involved is a triangular piece of land within the " Y " intersection of Rugar and Broad Streets in the city of Plattsburgh. Located thereon is a three-story house about 150 years old which is in a dilapidated condition and greatly in need of extensive repairs. The house has been used as an apartment house in recent years, with six apartments. During the year preceding the application for a variance, only three of the apartments were occupied, and, in anticipation of selling the property and having obtained a building permit for the erection of a gasoline station, these tenants were asked to vacate. The premises are now vacant. The property has barely paid expenses when occupied. It has been on the market for sale for several years, has been listed with a real estate agent, and no buyers have been found except for commercial purposes. It appears that both the Department of Public Works of the State of New York and the common council of the City of Plattsburgh have approved plans for the construction of a four-lane arterial highway immediately in front of the premises. There are other nonconforming commercial establishments in the immediate vicinity. The Texas Company has offered to purchase the premises for the sum of $30,000, provided a building permit could be obtained for the erection of a gasoline station. The ordinance, by its own terms, authorizes the board of appeals to vary the provisions of the ordinance " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations ". It is well settled that a variance may be granted only if it appears (1) that the land cannot yield a reasonable return if used only for a purpose allowed in the zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions of the neighborhood; and (3) that the use sought will not alter the essential character of the neighborhood. (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86; *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71.) After hearings at which evidence was taken, fortified by its own knowledge, the board of appeals has expressly found that all three of these elements are present. It is equally well settled that where there is a basis for the exercise of judgment, the discretion exercised by the board will not be disturbed by the courts in the absence of arbitrary action. (*Matter of Reed* v. *Board of Stds. & Appeals*, 255 N. Y. 126; *Matter of Burlinson* v. *Zoning Board of Appeals*, 275 App. Div. 723; *Matter of Ernst* v. *Board of Appeals*, 274 App. Div. 809.) Determination of the zoning board of appeals confirmed and the petition herein dismissed, with $50 costs to respondents McDowell and with printing disbursements to respondent zoning board of appeals. Foster, P. J., Coon, Halpern and Zeller, JJ., concur.