■ In the Matter of CARMINE SICILIANO, Appellant, v RICHARD I. SCHEYER et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Board of Zoning Appeals of the Town of Islip to hear the petitioner's application for area variances and to compel the granting of the variances and a building permit, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated September 24, 1986, which denied his motion for reargument of the proceeding which had been determined in a decision dated August 7, 1986, and (2) a judgment of the same court, dated October 15, 1986, which dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument of a decision; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the petition is granted to the extent of remitting the matter to the Board of Zoning Appeals of the Town of Islip for further proceedings consistent herewith.

In 1984 the petitioner entered into a contract with Dante Pellati for the sale of his lot, located in the Town of Islip, which he had owned since 1962. The sale was conditioned upon the obtaining of a building permit for the erection of a one-family dwelling. The dimensions of the lot were 40 feet by 100 feet and the proposed dwelling would leave side yards of 6 and 10 feet. The Islip zoning ordinance requires an area density (square footage) of 7,500 square feet, a width of 75 feet and side yards of 10 feet each, for a total of 20 feet, in order to erect a one-family dwelling *(see,* Islip Town Code §§ 68-111, 68-113, 68-115). The application for a building permit was denied; subsequently, Pellati applied for variances from the Board of Zoning Appeals (hereinafter the board). At the hearing, Pellati argued that the lot was entitled to single and separate ownership treatment because it had been in single and separate ownership since before the enactment of the zoning ordinance. However, the board denied this treatment on the ground that, under the ordinance, single and separate ownership treatment could be conferred only where a variance was being sought as to one of the minimum requirements, to wit, either area, width, side yards or total side yards. Pellati sought variances

with respect to all four minimum requirements. The board further found that Pellati was not entitled to the variances because to grant them would adversely affect the nature and character of the community. The petitioner was forced to rescind the contract of sale.

The petitioner again tried to sell the lot subject to his obtaining a building permit to erect a one-family dwelling. This new proposed dwelling left side yards of 8 and 10 feet. Upon the denial of the application for a building permit, the petitioner applied to the board for variances. He submitted a letter, in accordance with the rule of the board, in which he asserted that the board should rehear the matter on the ground that his application demonstrated a change in circumstances. He argued that this change consisted of his status as owner of the property, his consequent greater interest in the granting of the application, his ability to show his financial hardship due to the prior denial of the application of the contract vendee for variances, and his effective loss of the use of the lot without the variances. The board refused to rehear the petitioner's application on the ground that it was substantially similar to the contract vendee's (Pellati's) application. The court upheld the board's refusal to rehear the application and dismissed the petition.

The petitioner's new application, however, showed the necessary substantial change in circumstances to justify a rehearing (see, Hall v Walsh, 137 Misc 448, affd 221 App Div 756; Matter of Simons v Chave, 36 AD2d 728). These substantial changes included his status as owner of the lot, his ability to submit evidence of financial hardship due to the denial of the application for the variances, and the fact that his lot has been rendered useless and valueless by the prior denial of the application of the contract vendee. Therefore, it was arbitrary and unreasonable for the board to refuse to rehear the petitioner's application (cf., Matter of Simons v Chave, supra; Hall v Walsh, supra; see, Matter of Davies, 155 NYS2d 476; see also, Matter of Allen v Fersh, 1 AD2d 918).

Due to an incomplete record, we decline to decide at this time whether the petitioner is entitled to variances under the traditional standards (see, Matter of Fulling v Palumbo, 21 NY2d 30; Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449; see also, Matter of Jackson v Kirkpatrick, 125 AD2d 471), or whether the lot is entitled to the single and separate treatment provided for by the zoning ordinance of the Town of Islip. Therefore, the matter is remitted to the board to hear

the petitioner's application for variances. Thompson, J. P., Brown, Niehoff and Spatt, JJ., concur.