■ In the Matter of DANIEL DWYER, Appellant, v LOUIS POLSINELLO, SR., et al., Constituting the City of Rensselaer Zoning Board of Appeals, Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered January 24, 1989 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the City of Rensselaer Zoning Board of Appeals granting a use variance to Richard Dalbec.

Petitioner seeks to annul the grant of a use variance to Richard Dalbec for a building located in the City of Rensselaer, Rensselaer County, which was formerly used as a Catholic grade school. Dalbec, who entered into a purchase agreement with the parish that owns the building, proposed to

convert the building into professional offices, a retail showroom and equipment-testing area for his audio equipment supply business. The building is located in a residential zone.

At the hearing on Dalbec's application the following facts were presented. The building has been closed since June 1985. The parish engaged the firm of Architecture Plus to conduct a feasibility study vis-à-vis use of the building. The firm recommended that if the building could not be sold within two years it should be demolished. A number of prospective purchasers had withdrawn their interest because of zoning restrictions. The building could not practicably be converted into a two-family residential dwelling because of its size. The use of the building as a school was also foreclosed because of the demographics of the area.

Dalbec proposed to improve the property and to lease a nearby parking lot which could accommodate 40 cars. The city's Zoning Board of Appeals (hereinafter Board), in granting the variance, noted that the proposed use was one consistent with a local business district and, since no fabricating would occur on the site, should not impact on the two-family residential neighborhood so as to affect its character. The Board also noted that off-street parking would be available on a nearby lot. The building was not residential and had never been used for residential purposes. The Board determined that to require Dalbec to demolish the building and convert the building to a complying residential use would inflict an unnecessary hardship on him and deny him a reasonable return on his investment. Finally, the Board held that any tenant who desired to lease office space in the building would have to be subjected to a review by the city's Planning Commission.

As a result of the Board's decision, petitioner, a neighbor to the building, commenced this proceeding. Supreme Court dismissed the petition and petitioner has appealed. We affirm.

Petitioner contends that Supreme Court abused its discretion and that the granting of the use variance was arbitrary and capricious. It should be noted initially that zoning boards have broad discretion to consider any applications for variances (see, Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748). Our review here is a limited one directed to the issue of whether there is substantial evidence in the record to support the determination and whether it has a rational basis (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314). Given such a rational basis, this court is without power to substitute its judgment for that of a zoning board.

The use variance in the instant case was granted on the basis of unnecessary hardship. This court, in *Matter of Varley v Zoning Bd. of Appeals* (131 AD2d 905, 906, citing *Matter of Otto v Steinhilber*, 282 NY 71, 76), articulated the test for unnecessary hardship as follows: (1) that the land cannot yield a reasonable return if used only for the purpose allowed by the applicable zoning law, (2) that a petitioner's circumstance is due to a unique situation and not to the general condition of the neighborhood, and (3) that if the variance is granted, the petitioner's use will not alter the essential character of the locality.

Here, the first test has been met. The parish entered into an agreement with Dalbec to purchase the property for $150,000. Dalbec has expended $5,000 in repairs to avoid deterioration of the building. The building is 11,000 square feet in size and cannot be converted into a two-family residential facility. The parish had attempted to sell the property unsuccessfully during a two-year period. Having found no use for the property, the parish would have to raze the building if the sale is not consummated. It would cost $100,000 to demolish the property plus $47,000 for removal of asbestos from the building. This proof established that an unnecessary hardship would result from the denial of the variance *(see, Matter of Fiore v Zoning Bd. of Appeals,* 21 NY2d 393).

The second prong of the test, that of unique circumstances, has also been met in that the record disclosed that the building is an obsolete school whose use is no longer necessary. Further, there is no market for school buildings in the area.

Finally, with respect to the third prong of the test, the evidence showed that the grant of a variance will not have material implications to the character of the district. The building would remain virtually unchanged. Off-street parking will be supplied so that no increase in traffic congestion is envisioned. Finally, any new leasing of the property remains subject to review.

Petitioner raises for the first time on appeal an allegation of conflict of interest of two members of the Board. These allegations were not raised before the Board and have not been preserved for our review. Accordingly, Supreme Court's judgment should be affirmed.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.