■ In the Matter of RONALD PETTIT, Appellant, v BOARD OF APPEALS OF THE TOWN OF ISLIP et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals, dated February 10, 1988, which denied the petitioner's application, in effect, for a rehearing on a prior application for certain variances necessary to construct a single-family dwelling on an undersized plot, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated May 10, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In August 1987, the petitioner Ronald Pettit acquired title to the subject real property located on Belle Avenue in Lake Ronkonkoma, Suffolk County, apparently from a relative, Lee Pettit, for nominal consideration. The parcel, which is 40 feet by 100 feet, is located in a "B Residential District" which requires a minimum lot size of 7,500 square feet, minimum lot width of 75 feet, and a minimum side yard of 20 feet consisting of two side yards with a minimum width of 10 feet each, in order to construct a single-family home.

Prior to conveying title to the petitioner, and after purchasing the property in October 1986, Lee Pettit had applied for four variances from the total lot area, width, individual side yard and total side yard requirements. Following hearings on January 13, 1987 and February 24, 1987, the Town of Islip Zoning Board of Appeals (hereinafter the Board) denied Lee Pettit's application, finding that his parcel did not qualify for "single and separate" treatment under the applicable zoning provisions. The Board further ruled that the development of the subject 40-foot-wide lot in an area where 83% of the other homes were on parcels 60 feet wide or wider would adversely affect the character of the neighborhood. Lee Pettit apparently did not timely seek judicial review of the Board's determination.

After Lee Pettit transferred title to the petitioner, the Board refused him permission to apply for the four variances previously sought by Lee Pettit. That determination was upheld by the Supreme Court and this appeal ensued.

On appeal, the petitioner contends that the Board's refusal to permit him to apply for the necessary variances on the ground that his application was essentially identical to the one previously brought by Lee Pettit, deprived him of his property without due process of law. The petitioner's argument is without merit.

The Board properly denied, by a unanimous vote, the petitioner's request for a rehearing. Town Law § 267 (6) provides in pertinent part that a board of appeals may review a prior determination at a rehearing "[u]pon motion initiated by any member [of the board] and adopted by the unanimous vote of the members present". However, "[w]hile a zoning board of appeals may entertain an application for a rehearing when new facts are presented changing the aspects of the case * * * the board is not required to entertain or grant the application for a rehearing" (Matter of Hoerner v Tormey, 24 AD2d 597). In addition, although "[i]t is settled law that there can be a new application and determination by a zoning board when 'new plans materially change the aspects of the case' * * * it is for the board to determine whether or not changed facts or circumstances are presented" (Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals, 61 AD2d 1070).

At bar, the Board's finding that there were "no material differences" between Ronald Pettit's proposed application and Lee Pettit's prior application, which had been denied less than a year before (cf., Reed v Planning Bd., 120 AD2d 510), "was

clearly not arbitrary" or an abuse of discretion, as "there was ample evidentiary support therefor in the record" *(Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals, supra,* at 1070). Since there was no change of facts or circumstances, the Board properly denied a rehearing *(Matter of Caper v Parker,* 271 App Div 839).

We have examined the petitioner's remaining contentions and find them to be without merit. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.