■ In the Matter of LA DIROT ASSOCIATES, Appellant, v MARJORIE SMITH et al., Constituting the Zoning Board of Appeals of the Town of Thompson, Respondents, and EUGENE D. NESIN et al., Intervenors-Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered January 19, 1990 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Thompson approving intervenors' request for a use variance.

Petitioner commenced this CPLR article 78 proceeding to challenge a use variance granted to intervenors Eugene D. Nesin and Ellen Nesin by the Zoning Board of Appeals of the Town of Thompson in Sullivan County. A recitation of the events leading up to the Zoning Board's action is necessary to fully understand the nature of this appeal. The Nesins acquired their property in August 1987. Prior to obtaining title to the premises, the Nesins consulted the Building Inspector and the Code Enforcement Officer of the Town Building Department about their plan to operate a kennel on the property. The Nesins were advised that the property was located in a highway commercial district, which is the only district in the Town that allows kennels to operate. Accordingly, the Nesins were advised to prepare a proposed site plan which was submitted to the Town Planning Board and was approved. Thereafter, a building permit was also obtained after which construction of the kennel was commenced and completed.

Only after some neighbors complained about the noise from the kennels was it discovered that the Nesins' property was actually located not in a highway commercial district, but in a suburban residential district, which does not permit kennels. Following this discovery, the Nesins hastily applied to the Zoning Board for a use variance as a remedial measure. A Zoning Board hearing was held (at which only petitioner testified against the application) and various evidence was submitted including testimony as to the finances involved, and what measures the Nesins were taking to keep down the noise at the kennel. The Zoning Board conducted an on-site inspection of the premises and ultimately granted the variance with certain conditions relating to the Nesins' efforts to hold down the noise. Supreme Court dismissed petitioner's article 78 proceeding on the merits and this appeal followed.

Petitioner claims that the Nesins failed to establish the necessary requirements for obtaining a use variance. We disagree, noting initially that zoning boards have broad discretion to consider variance applications (see, Matter of Dwyer v Polsinello, 160 AD2d 1056). This court's power to review such decisions is limited and such decisions may not be set aside in the absence of illegality, arbitrariness or abuse of discretion (Matter of Sheeley v Levine, 147 AD2d 871, 872; see, Matter of Cowan v Kern, 41 NY2d 591, 598).

Here, the use variance was granted by the Zoning Board on the basis of unnecessary hardship. The test that must be satisfied to qualify for such a variance is well known: "(1) that the land cannot yield a reasonable return if used only for the purpose allowed by the applicable zoning law, (2) that a petitioner's circumstance is due to a unique situation and not to the general condition of the neighborhood, and (3) that if the variance is granted, the petitioner's use will not alter the essential character of the locality" (Matter of Dwyer v Polsinello, supra, at 1058; see, Matter of Otto v Steinhilber, 282 NY 71, 76). The Zoning Board rationally concluded, based upon the evidence and its own inspection, that the subject property was unsuitable for residential development due to the size and shape of the premises as well as the fact that the property is bound and subject to, in part, a substantial easement for an existing overhead high tension power line granted before the error in zoning classification was discovered. The facility was already constructed and in operation with initial construction costs of over $50,000 not counting the equipment and other improvements. In fact, the Nesins represented that they had spent over $250,000 in developing the property, which was

encumbered by a $100,000 first mortgage. The Zoning Board noted that the Nesins took into consideration the nature of the adjoining premises. When building, they left substantially all the preexisting forests, removing only that vegetation necessary to build. The kennel can barely be seen from the road due to the nature of the wooded screening. Therefore, it does not alter the essential character of the neighborhood. The Zoning Board concluded that the Nesins' property could not yield a reasonable return except as a kennel and a failure to grant the variance would cause devastation and ruin to the Nesins. These findings sufficiently justify the granting of the variance.

Petitioner contends, however, that any hardship suffered by the Nesins was self-created since, with greater diligence, they could have discovered the true classification of the district. Nonetheless, the record shows that there was no dispute before the Zoning Board that the Nesins acted with good faith in reliance upon the representation of the Town Planning Board. It is well settled that "[e]xpenditures made in good faith * * * in reliance on an invalid building permit may be considered by a zoning board on the application for a variance as proof of unnecessary hardship" *(Matter of Cougevan v Martens,* 85 AD2d 890, 891; *see,* 2 Anderson, New York Zoning Law and Practice § 23.13, at 180 [3d ed] ). Petitioner points to no evidence of bad faith on the Nesins' part before the Zoning Board which would have rendered the subsequent granting of the variance unreasonable or irrational. In the presence of a rational basis for the decision of the Zoning Board, it is beyond our power to substitute our judgment for the one before us *(see, Matter of Dwyer v Polsinello, supra).*

All other arguments of petitioner have been examined and have been found to be unpersuasive.

Judgment affirmed, with costs to intervenors against petitioner. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.