■ In the Matter of CITIZENS SAVINGS BANK, Respondent, v BOARD OF ZONING APPEALS OF THE VILLAGE OF LANSING, Appellant. [638 NYS2d 179] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan Jr., J.), entered March 3, 1995 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for a use variance.

At a foreclosure sale held in April 1993, petitioner paid $198,600 to acquire a 1½-acre parcel located in the Village of Lansing, Tompkins County, which was improved by a 4,200-square-foot restaurant. The restaurant operated from the early 1970s until early 1993 when the failure of the restaurant's septic system resulted in the business being shut down. After acquiring the property, which was located in a medium density residential zoning district, petitioner attempted to sell it as a restaurant, as that use was "grandfathered" by reason of its use in that capacity prior to the enactment of the Village's zoning ordinance. Subsequent engineering studies revealed, however, that the size and configuration of the parcel, combined with the unusually poor soil conditions existing on the lot, meant that a new on-site septic system suitable for restaurant use could not be undertaken. Because a hook-up to the municipal sewer was not possible and petitioner was unable to purchase additional property from adjoining owners, petitioner explored the possibility of, *inter alia,* selling the parcel as a vacant lot or converting the building to a residential home consistent with the zoning ordinance and found that these alternatives were too costly. Petitioner then contracted to sell the property to a computer consulting firm for use as its commercial office. Petitioner's subsequent application for, *inter alia,* a use variance was denied by respondent following a hearing and, following a rehearing, denied again. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's actions, and Supreme Court annulled respondent's ultimate determination. This appeal by respondent followed.

In order to obtain its use variance, petitioner was required to show unnecessary hardship by demonstrating that (1) the property cannot provide a reasonable return as currently

zoned, (2) the proposed use will not alter the character of the neighborhood, (3) the hardship results from the unique characteristics of the parcel, and (4) the hardship has not been self-created (Village Law § 7-712-b [2] [b]; *see, Matter of Courtney v City of Albany Bd. of Zoning Appeals,* 177 AD2d 820). Here, respondent found that petitioner had not satisfied the first two of these criteria and specifically did not make findings with regard to the latter two factors.

Upon examining the record, we agree with Supreme Court that respondent irrationally concluded that petitioner had failed to establish that the property could not provide a reasonable return. The record contains numerous uncontested reports and other proof establishing that petitioner would lose nearly $400,000 if it converted the existing restaurant into a private home, over $200,000 if it demolished the restaurant and built a private home and approximately $181,000 if it simply demolished the restaurant and sold the vacant lot. Such proof plainly establishes, in "dollars and cents form", that petitioner could not yield a reasonable return if the requested variance was denied (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257; *accord, Matter of Sheeley v Levine,* 147 AD2d 871, 873). We are also unpersuaded that petitioner failed to prove that a grant of a variance would alter the character of the neighborhood inasmuch as the proposed use as an office for a computer consulting firm would result in no change in the outward appearance of the existing restaurant, other than a new sign, and would actually result in much less traffic and noise than was present when the building operated as a restaurant (*see, Matter of Dwyer v Polsinello,* 160 AD2d 1056, 1058).

Finally as noted previously, in denying petitioner's application for the requested use variance, respondent specifically declined to address the remaining two prongs of the test, i.e., whether the hardship resulted from the unique characteristics of the parcel and was self-created. Accordingly, this matter must be remitted to respondent and the petition must be dismissed without prejudice to a further proceeding following respondent's final determination of those issues (*see, Matter of James H. Maloy, Inc. v Zoning Bd. of Appeals,* 168 AD2d 874, 876).

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition dismissed without prejudice and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.