■ In the Matter of CITIZENS SAVINGS BANK, Respondent, v BOARD OF ZONING APPEALS OF THE VILLAGE OF LANSING, Appellant. [657 NYS2d 108] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered August 1, 1996 in Tompkins County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for a use variance.

The relevant facts are more fully set forth in this Court's prior decision in this matter (224 AD2d 797). Briefly, petitioner purchased the subject property, which is located in a medium density residential zone in the Village of Lansing, Tompkins County, at a foreclosure sale in April 1993. The property had been operated as a restaurant, constituting a "grandfathered" legal nonconforming use, until problems with the septic system resulted in the restaurant's closing. Following unsuccessful attempts to market the property as a restaurant, petitioner contracted to sell the parcel to a computer consulting firm for use as its offices and, in conjunction therewith, applied for a use variance. Respondent denied petitioner's application, and petitioner commenced a CPLR article 78 proceeding to annul respondent's determination. Supreme Court granted petitioner the requested relief but, on appeal, this Court reversed and remitted the matter to respondent to determine whether the hardship encountered by petitioner resulted from the unique characteristics of the parcel and was self-created (*id.*). Following a hearing, respondent determined that although the parcel

was in fact unique, the hardship claimed by petitioner was self-created and, accordingly, respondent denied the use variance on that basis. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to challenge respondent's action, and Supreme Court again annulled respondent's determination and directed that the requested use variance be issued. This appeal ensued.

In our view, the record simply does not support a finding that the hardship identified by respondent, to wit, petitioner's inability to sustain the grandfathered use of the parcel as a restaurant due to problems with the septic system, was self-created. "Hardship in the context of zoning is self-imposed where the applicant for a variance acquired the property subject to the restrictions from which he or she now seeks relief" (*Matter of First Natl. Bank v City of Albany Bd. of Zoning Appeals*, 216 AD2d 680, 681). Such is not the case here.

Although petitioner acquired the property knowing that the parcel was grandfathered for use as a restaurant and, further, that there were problems with the existing septic system, the record plainly establishes that petitioner was not aware of the full extent of the problems with the septic system prior to foreclosure in April 1993. Indeed, the record indicates that petitioner subsequently endeavored to market the parcel as a restaurant and explored various options in an attempt to resolve the septic system issue in such a fashion as to permit the parcel to be utilized for that purpose. The record further reflects that the alternatives explored by petitioner, which included acquiring neighboring properties and hooking up to the municipal sewer, were not feasible and, as such, the property simply cannot be used as a restaurant. Under these circumstances, respondent's finding that the hardship was self-created is irrational and not supported by the record as a whole. As respondent concluded, upon remittal, that the parcel was unique, and given our previous findings that the property cannot provide a reasonable return as currently zoned and that the proposed use will not alter the character of the neighborhood (*see, Matter of Citizens Sav. Bank v Board of Zoning Appeals*, 224 AD2d 797, *supra*), the requested variance should be granted.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.