■ In the Matter of ELN Realty Corporation, Appellant, v Zoning Board of Appeals of the Town of Greenburgh et al., Respondents. [690 NYS2d 700] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh dated September 25, 1997, which, after a hearing, denied the petitioner's application, *inter alia*, for a modification of a variance condition imposing a maximum 10% grading for a driveway, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 17, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, ELN Realty Corporation, owned a lot situated in a wooded area abutting the bed of an unpaved "paper street" known as Arthur Street, and several hundred feet from Thomas Street, the nearest Town road. Adjacent to the petitioner's lot is a house with an existing driveway, measuring 60 feet in length and 17 feet in width, leading to Thomas Street. The petitioner sought an area variance from the Zoning Board of Appeals of the Town of Greenburgh (hereinafter the Board), to construct a driveway providing access to its lot from Thomas Street, rather than having to improve Arthur Street to Town standards as a public street. The Board granted the variance permitting the petitioner to construct a driveway to Thomas Street, with a condition that it would not exceed a grading of 10%. This condition was imposed in order to comply with safety requirements allowing the local Fire Department access to the properties in case of an emergency, and both Natale Grasso, president of the petitioner, and his engineer agreed that this condition could be met.

The petitioner subsequently requested a clarification as to what length of the driveway the 10% grading condition applied to. The Board advised the petitioner of the Building Inspector's interpretation that the grading applied to the length of the existing driveway originating at Thomas Street as well as to the proposed driveway continuing up to the petitioner's lot. The petitioner then amended its application seeking either a reversal of the Building Inspector's interpretation, or a modification of the condition so that it would apply only to that portion of the proposed driveway which extended from the existing driveway. In support of its amended application, the petitioner argued that due to the discrepancy in the 10% grading of the proposed driveway and the current 16% grading of the existing driveway, if it were forced to comply with the variance condition, an unsafe condition would be created in that a

22% grading would occur on that portion of the existing driveway which runs from the point of intersection up to the neighboring lot.

Under the circumstances presented here, the Board properly determined that, with regard to the amended application, the benefit to the petitioner of constructing a driveway rather than a town road did not outweigh the detriment to the community which would result from an improperly constructed driveway which would impede the Fire Department's access to homes in the case of an emergency (*see,* Town Law § 267-b [3] [b]; *Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344; *Matter of Sasso v Osgood,* 86 NY2d 374). Moreover, in considering the statutory factors, the Board properly determined that, *inter alia,* the petitioner could either build a road or arrange with the other homeowner to re-grade the entire existing driveway, and that any alleged difficulty encountered by the petitioner was self-created in that the lot was purchased with the knowledge that there was no public access available (*see,* Town Law § 267-b [3] [b]; *Matter of Khan v Zoning Bd. of Appeals, supra,* at 345; *Matter of Sasso v Osgood, supra,* at 382). Thus, we find that the Board's denial of the petitioner's amended application was supported by substantial evidence and had a rational basis, and that the Supreme Court properly held that it was not arbitrary or capricious (*see, Matter of Baker v Brownlie,* 248 AD2d 527).

Finally, after conducting public hearings, at which time the petitioner failed to present any new facts which materially changed the aspects of the case, the Board correctly denied the petitioner's request to re-open the hearings (*see,* Town Law § 267 [6]; *Matter of Pettit v Board of Appeals,* 160 AD2d 1006).

The petitioner's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.