■ In the Matter of WEST VILLAGE HOUSES TENANTS' ASSOCIATION et al., Appellants, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Respondents. [755 NYS2d 377] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered April 16, 2002, which denied petitioners' application to annul a variance granted by respondent New York City Board of Standards and Appeals to respondent property owner to build a primarily residential building in a nonresidential (M1-5) zoning district, and dismissed the petition, unanimously affirmed, without costs. Order, same court and Justice, entered August 20, 2002, which deemed petitioners' motion for "reconsideration" to be one for reargument and renewal of the prior order, granted reargument and renewal, and, upon reargument and renewal, adhered to the prior determination, unanimously modified, on the law, to deny renewal, and otherwise affirmed, without costs.

While construction has commenced, it is not substantially complete, and, accordingly, we decline to dismiss the appeal as moot (*cf. Matter of Dreikausen v Zoning Bd. of Appeals*, 98 NY2d 165). On the merits, the motion court correctly held that there is a rational basis for respondent Board's findings that the owner met each of the five requirements necessary for a variance under New York City Zoning Resolution § 72-21, and that there are no foreseeable significant environmental impacts requiring preparation of an environmental impact statement. We would add only that unlike Town Law § 267-b (2) (b) (1) and General City Law § 81-b (3) (b) (i), Zoning Resolution

§ 72-21 (b) does not require an applicant for a use variance to show that it cannot realize a reasonable return "for each and every permitted use under the zoning regulations." Rather, it requires a showing that there is "no reasonable possibility that the development of the zoning lot in strict conformity with" the Zoning Resolution would "bring a reasonable return." Thus it was not necessary for the owner to show that it could not realize a reasonable return for each of the more than 300 permitted uses. Analysis of the permitted uses likely to yield the highest return was enough. We would also particularly note that in considering whether the variance would "alter the essential character of the neighborhood or district in which the zoning lot is located" (Zoning Resolution § 72-21 [c]), the Board could look beyond the M1-5 zoning district to the surrounding neighborhood. There is no "iron curtain" between districts (*see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 441-442, *affg* 264 AD2d 59, 66). Petitioners' motion to renew should have been denied because the new document presented had not been presented to the Board, and indeed did not come into existence until after the Board's determination (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554). Concur—Mazzarelli, J.P., Andrias, Saxe, Buckley and Friedman, JJ.