*601 In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Putnam Valley dated May 9, 2002, which, after a hearing, declined to reconsider the petitioner’s application for an area variance, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated October 7, 2002, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Putnam Valley for a rehearing with respect to the merits of the petitioner’s application.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the determination of the Zoning Board of Appeals of the Town of Putnam Valley dated May 9, 2002, is reinstated.
The petitioner purchased a substandard parcel of land which adjoined his property in the Town of Putnam Valley. When he sought to develop the substandard parcel he discovered that it had merged with his own property by operation of law pursuant to Putnam Valley Zoning Ordinance § 165-43B because he took title in the same manner as that of his own parcel. In an effort to avoid the merger, the petitioner caused a purported correction deed which conveyed the substandard parcel from he and his wife to him alone to be drawn up and filed.
The petitioner then filed an application for an area variance for the substandard parcel with the Zoning Board of Appeals of the Town of Putnam Valley (hereinafter the ZBA). At the public hearing the ZBA members advised the petitioner that the purported correction deed from him and his wife to him alone was insufficient to vacate the merger. One board member advised the petitioner to obtain a correction deed from the original grantor. However, the chairman of the ZBA advised the petitioner that he could not vacate the merger by filing a correction deed. Rather, he advised the petitioner to first seek a subdivision and then request an area variance after the two parcels had been subdivided. The ZBA issued a determination dated October 25, 2001, that the criteria for an area variance had not been met because the lots had merged.
The petitioner obtained a correction deed from the original grantor and submitted a second application for an area variance. After two public hearings, the ZBA concluded that the petitioner had paid additional consideration for the correction deed and that, in any event, a correction deed could not vacate the merger. The ZBA issued a determination dated May 9, 2002, declining to consider the second application on the ground that it was barred by the doctrine of res judicata.
*602 The petitioner commenced this proceeding to review the May 9, 2002, determination. The Supreme Court granted the petition, annulled the determination, and remitted the matter to the ZBA for a rehearing on the merits of the second application. We reverse.
A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304 [2002]; Matter of Sasso v Osgood, 86 NY2d 374 [1995]). In response to the petitioner’s first application for a variance, the ZBA determined that a merger pursuant to Putnam Valley Zoning Ordinance § 165.-43B could not be vacated by the filing of a correction deed. The ZBA’s interpretation of the local zoning ordinance is entitled to great deference (see Matter of Mejias v Town of Shelter Is. Zoning Bd. of Appeals, 298 AD2d 458 [2002]). Consistent with its previous determination, it was within the province of the ZBA to conclude that the petitioner’s second application, which merely included a correction deed from the original grantor, did not present changed circumstances warranting its reconsideration of the merits of the petitioner’s application (see Matter of Riina v Baum, 300 AD2d 665 [2002]; Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals, 192 AD2d 839 [1993]; Matter of Pettit v Board of Appeals of Town of Islip, 160 AD2d 1006 [1990]; Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals, 61 AD2d 1070 [1978]). Moreover, the record supports the determination of the ZBA that the correction deed was procured through the payment of consideration and therefore the ZBA properly declined to consider it (see Matter of Citizens for Hudson Val. v New York State Bd. on Elec. Generation Siting & Envt., 281 AD2d 89, 99 [2001]; Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals, 227 AD2d 779, 781 [1996]).
In light of our determination, we need not reach the remaining contentions of the ZBA. Prudenti, PJ., Smith, Friedmann and H. Miller, JJ., concur.