In the Matter of JOSEPH P. SULLIVAN et al., Appellants, v CITY OF ALBANY BOARD OF ZONING APPEALS et al., Respondents. [798 NYS2d 200]—

Rose, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered April 16, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Albany Board of Zoning Appeals approving the request for a use variance by respondents Norman Levine and Michael Lipnick.

Respondents Norman Levine and Michael Lipnick (hereinafter the owners) sought a use variance for their property located in an R-1B zoning district of the City of Albany on the grounds that they were unable to continue its former use as both an office and residence, and its conversion to purely residential use would be too costly. After respondent City of Albany Board of Zoning Appeals (hereinafter Board) granted a variance permitting use of the property as a dental office with certain limitations, petitioners commenced this CPLR article 78 proceeding to challenge the Board's action. Supreme Court found no merit in petitioners' allegations and dismissed the petition, prompting this appeal.

Judicial review of a zoning board determination is limited to an examination of whether it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440 [2000]). The courts will not weigh the evidence or reject the choice made by the board " 'where the evidence is [merely] conflicting and room for choice exists' " (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 424 [1996], quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267 [1940]). To qualify for a use variance, the owners had the burden to show that (1) they cannot realize a reasonable return if the property is used for a permitted purpose, (2) the hardship results from unique characteristics of the property, (3) the proposed use will not alter the essential character of the neighborhood, and (4) the hardship has not been self-created (*see* Code of City of Albany § 375-26 [B] [2] [a]; *see also Matter of Village Bd. of Vil. of Fayetteville v Jarrold*, 53 NY2d 254, 257 [1981]).

As to the first element, petitioners argue that the owners provided insufficient financial information for the Board to determine whether they can realize a reasonable return without a variance. We disagree. The property was used as a dentist's residence and office for many years before the owners purchased it in 1980 and they continued that use for several years thereafter. However, this dual use of the property did not conform with the city zoning ordinance enacted in 1983, which permits neither home occupations nor dental offices in an R-1B district (*see* Code of City of Albany § 375-63). When the resident dentist left in 1985 because his family grew too large for the available living space, the home occupation use ceased and the zoning ordinance precludes the owners or anyone else from reestablishing it (*see* Code of City of Albany § 375-90). Thus, at the time of the application, the only permissible use of the property was as a single-family residence.

In applying for the variance, the owners submitted an estimate of the amount it would cost them or a buyer to convert the property to single-family residential use. This cost was approximately one half of the full-value assessment of the property as a single-family residence. Even without factoring in the 1980 purchase price—a figure which is not in the record—there is substantial evidence supporting the Board's conclusion that the owners could not realize a reasonable return on their investment if the property were converted to or sold as a residence (*see e.g. Matter of Citizens Sav. Bank v Board of Zoning Appeals of Vil. of Lansing*, 224 AD2d 797, 798 [1996]).

Next, petitioners claim that the discontinuance of the home occupation use was a self-created hardship. The Board reasonably concluded, however, that the hardship was not self-created because the owners purchased the property prior to enactment of the zoning regulations that now preclude any use other than as a single-family residence (*see Matter of Diana v City of Amsterdam Zoning Bd. of Appeals*, 243 AD2d 939, 940 [1997]; *Matter of Citizens Sav. Bank v Board of Zoning Appeals of Vil. of Lansing*, 238 AD2d 874, 875 [1997]). The Board also found that the hardship was created by the natural expansion of the family of the dentist who had been residing at the property, which it reasonably viewed in a zoning context as not being self-created.

To the extent that petitioners now contend that the owners created the hardship by expanding the dental office space and thereby reducing the available living space, we need note only that this issue was not raised in the record before the Board (*see Matter of Citizens for Hudson Val. v New York State Bd. on Elec. Generation Siting & Envt.*, 281 AD2d 89, 94 [2001]; *Matter of Gilchrist v Town of Lake George Planning Bd.*, 255 AD2d 791, 791-792 [1998]). In any event, the record contains no evidence that the expansion occurred after the enactment of the zoning ordinance, and we agree with Supreme Court that there is no basis to disturb the Board's finding that the hardship was not self-created (*see Matter of Padwee v Bronnes*, 242 AD2d 334, 335 [1997]; *Matter of Family of Woodstock v Auerbach*, 225 AD2d 854, 855 [1996]; *cf. Matter of Diana v City of Amsterdam Zoning Bd. of Appeals, supra* at 940).

We have reviewed petitioners' remaining contentions and find them to be either unpreserved or unavailing.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.