■ In the Matter of CHRISTOPHER MOORE, Appellant, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Respondents. [813 NYS2d 542]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated August 26, 2003, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered October 14, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled and the matter is remitted to the Town of Islip Zoning Board of Appeals for further proceedings consistent herewith, and the petition is otherwise denied.

Contrary to the argument of the Town of Islip Zoning Board of Appeals (hereinafter the Zoning Board), its 1984 denial of a prior owner's area variance application with respect to the subject parcel did not preclude it from granting the instant application (*see Matter of Riina v Baum*, 300 AD2d 665, 666 [2002]; *Matter of Josato, Inc. v Wright*, 288 AD2d 384 [2001]; *Matter of Peccoraro v Humenik*, 258 AD2d 465 [1999]; *cf. Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 498 [2004]). While the determination to rehear an application is within the discretion of a zoning board, and a zoning board may refuse to rehear an application in the absence of new facts or a change of circumstances (*see Matter of Lee v Zoning Bd. of Appeals of Town of Putnam Val.*, 1 AD3d 600, 602 [2003]; *Matter of Falco v Town of Islip Zoning Bd. of Appeals*, 283 AD2d 576 [2001]; *Matter of ELN Realty Corp. v Zoning Bd. of Appeals of Town of Greenburgh*, 261 AD2d 619, 620 [1999]), even when the second application is brought by a different applicant (*see Matter of Pettit v Board of Appeals of Town of Islip*, 160 AD2d 1006, 1007 [1990]), a zoning board may not refuse to consider an application with respect to which there has been a substantial change of circumstances since the prior denial (*see*

*Matter of Siciliano v Scheyer*, 131 AD2d 679, 680 [1987]). Here, in light of the factors that must be considered under the balancing test set forth in Town Law § 267-b (3) (b) (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 402 [2003]; *Matter of Sasso v Osgood*, 86 NY2d 374, 383 [1995]), particularly the character of and conditions in the neighborhood (*see* Town Law § 267-b [3] [b] [1], [4]), it was arbitrary and capricious for the Zoning Board to refuse to hear the petitioner's application on the basis of the denial of a variance application with respect to the same property nearly 20 years before. The present application, although similar to the prior application in that it requested variances permitting the construction of a single-family residence on a substandard lot, differed substantially from the prior application in that the present application did not seek permission to construct a two-car garage or to vary the minimum sideyard requirements of the zoning law.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Florio, J.P., Spolzino, Fisher and Lunn, JJ., concur.