■ In the Matter of O'CONNELL MACHINERY Co., INC., Appellant, v CITY OF BUFFALO ZONING BOARD OF APPEALS et al., Respondents. [875 NYS2d 715]—

Appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 15, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination of respondent City of Buffalo Zoning Board of Appeals (ZBA) granting the application of the remaining respondents (collectively, developers) for a use variance permitting the use of two parcels in an M-1 light industrial district for a mixed use development, including student housing and other residential uses, a hotel, and commercial uses. Supreme Court properly dismissed the petition. The ZBA determined that the developers met the requirements for a use

variance (see General City Law § 81-b [3]; City of Buffalo Code § 511-125 [C]). The ZBA's determination has a rational basis and is supported by substantial evidence, and thus the court was "without power to substitute its judgment for that of [the ZBA]" (Matter of Dwyer v Polsinello, 160 AD2d 1056, 1057 [1990]). Contrary to petitioner's contention, the developers established that the restrictions on the property have caused "unnecessary hardship" (General City Law § 81-b [3] [b]). The developers presented "proof, in dollars and cents form," that they cannot realize a reasonable return on their investment because the property had been substantially vacant for 30 years, only 10% to 15% of the space was occupied at the time of the application, and the prospects for expanding occupancy and generating sufficient revenue to cover necessary maintenance, repairs and improvements were marginal (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]; see generally Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 970 [2005]; Matter of Allen v Fersh, 1 AD2d 918 [1956]). In addition, the developers established that the hardship results from the unique characteristics of the property (see Matter of Allen v Zoning Bd. of Appeals of City of Kingston, 8 AD3d 810, 811 [2004]; Dwyer, 160 AD2d at 1058), and that the variance will not alter the essential character of the neighborhood inasmuch as the mixed uses proposed by the developers currently exist in proximity to the property (see Matter of West Vil. Houses Tenants' Assn. v New York City Bd. of Stds. & Appeals, 302 AD2d 230, 231 [2003], lv dismissed in part and denied in part 100 NY2d 533 [2003]). Finally, we conclude that "there is no basis to disturb the [ZBA's] finding that the hardship was not self-created" (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 667 [2005], lv denied 6 NY3d 701 [2005]). Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.