Lynch, J.
(dissenting). I respectfully dissent. “Judicial review of a zoning board determination is limited to an examination of whether it has a rational basis and is supported by substantial evidence” (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005], lv denied 6 NY3d 701 [2005] [citation omitted]). To qualify for a use variance, an applicant must demonstrate that limiting the use to applicable zoning restrictions would cause “unnecessary hardship,” demonstrated by showing that (1) the applicant cannot realize a reasonable return through permitted uses, (2) the hardship flows from the unique characteristics of the property, (3) the proposed use would not alter the essential character of the neighborhood, and (4) the hardship has not been self-created (Village Law § 7-712-b [2] [b]; see Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d 254, 257 [1981]; Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d at 666). Notably, counsel for each party acknowledged at oral argument that the use variance here is limited to the addition, i.e., the balance of the property utilized for manufacturing continues as a permitted, nonconforming use.
As to the first element, petitioners maintain that respondents K-Tooling, Rosa Kuehn and Perry Kuehn (hereinafter collect *1364 ively referred to as respondents) failed to provide sufficient financial proof that using the addition for residential purposes would not yield a reasonable return. In an instance, as here, where a use variance is required to expand a nonconforming use “the applicant must demonstrate that the land cannot yield a reasonable return if used as it then exists or for any other use allowed in the zone” (Matter of Upper Delaware Ave. Assn, of Delmar v Fritts, 124 AD2d 273, 274-275 [1986], appeal dismissed 69 NY2d 933 [1987]; see Matter of Crossroads Recreation v Broz, 4 NY2d 39, 44 [1958]). As such, the question here is not simply the economic feasibility of converting the addition to a residential use. The core question remains whether respondents established that the property could not yield a reasonable rate of return without utilizing the addition in the manufacturing process, or otherwise utilizing the entire parcel for residential purposes. Generally, this element “require[s] proof, in dollars and cents form, of all matters bearing upon the return available under existing zoning” (Matter of Village Bd. of Vil. of Fayetteville v Jarrold, 53 NY2d at 257). In considering the property as it then exists, however, we must account for the fact that the addition had been utilized in the manufacturing process since 2001, until precluded by this Court’s decision in 2012. Respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) concluded that the cost of converting the addition to a residential use, relocating the facility and/or shutting down manufacturing in the addition demonstrated that respondents could not realize a reasonable return on the property without a use variance for the addition. The ZBA relied upon documented proof, including a construction cost estimate and a market assessment from a licensed real estate broker, that a renovation of the addition for residential use, and corresponding conversion of the brick building, would cost over $160,000, resulting in a net monthly loss of $333. In addition, the Delaware County Department of Economic Development estimated the cost of relocating the manufacturing facility at between $1.5 and $2.2 million. Perry Kuehn testified that, without the addition, respondents would have to conduct part of the manufacturing process in a separate location off site, resulting in an estimated 10% to 20% extra cost that would put them out of business. Moreover, as a practical matter, given the prohibitive cost of relocating the manufacturing facility, a conversion of the entire property to a residential use would effect a closure of the business, which employs approximately 12 people. As such, it is manifest that a residential conversion would not yield a reasonable rate of return, such that specific dollars and cents proof for a residen *1365 tial option is simply unnecessary. Cumulatively, these factors provide substantial evidence for the ZBA’s determination that respondents could not realize a reasonable rate of return from the property absent a use variance for the addition.
Since it has been judicially established that the property contains a long-standing, nonconforming industrial use that has included the addition since 2001, the ZBA could readily conclude that the property is unique (see Matter of Douglaston Civic Assn. v Klein, 51 NY2d 963, 965-966 [1980]). For the same reason, the ZBA reasonably determined that the proposed use would not alter the character of the neighborhood, particularly in view of the rejection of petitioners’ earlier nuisance claim (see Nemeth v K-Tooling, 100 AD3d 1271, 1272-1273 [2012]). Finally, since the Kuehns purchased this property in 1971 and the Village enacted its first zoning law in 1983, placing this property in an R1 residential district, the ZBA could rationally conclude that the hardship was not self-imposed (see Matter of Jones v Zoning Bd. of Appeals of the Town of Oneonta, 90 AD3d 1280, 1283-1284 [2011]). For these reasons, I would affirm Supreme Court’s judgment.
Ordered that the judgment is reversed, on the law, without costs, and petition granted.