In the Matter of 620 WEST 182ND ST. HEIGHTS ASSOCIATES, LLC, Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Respondent. [52 NYS3d 337]—

Judgment (denominated an order), Supreme Court, New York County (Cynthia S. Kern, J.), entered July 20, 2016, which denied, in part, the petition to vacate respondent's Alternative Enforcement Order (AEP Order) dated September 1, 2015, unanimously modified, on the law, to the extent of vacating so much of the AEP Order that directed replacement of the floor joists in apartments 1C, 3C, and 5C, and otherwise affirmed, without costs. Order, same court and Justice, entered November 15, 2016, which, insofar as appealed from, denied petitioner's motion to renew, unanimously affirmed, without costs.

Respondent's AEP Order, as clarified by its February 2016 letter specifying the scope of the work required to remove violations of the Housing Maintenance Code, was not arbitrary and capricious, and had a rational basis (*see Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). Respondent's construction project manager rationally concluded that the floor joists in certain apartments in the building, the entire water supply lines, and the branches and all lead bends of waste supply lines in the building were "related underlying conditions" that caused recurring violations, and therefore needed replacement (Administrative Code of City of NY § 27-2153 [k] [i]). There was ample evidence in the record of floor violations in apartments 1A, 2A and 2C, and violations for leaks in half of the apartments in the building, prior to the issuance of the AEP Order. However, there were no prior floor violations in apartments 1C, 3C, and 5C, and therefore the AEP Order is modified to vacate the repair of the floor joists in those apartments.

Petitioner's argument that respondent's construction project manager lacked the necessary qualifications to conclude that the floor joists, water supply lines, and the waste supply lines

needed replacement, is unavailing. Respondent, as the administrative agency charged with enforcing the Alternative Enforcement Program, "has broad discretion in evaluating pertinent factual data and inferences to be drawn therefrom" (*Matter of 333 E. 49th Assoc., LP v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 40 AD3d 516, 516 [1st Dept 2007], *affd* 9 NY3d 982 [2007]). The differing conclusions reached by petitioner's expert are insufficient to annul the agency's determination (*see Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40, 55 [1st Dept 2001], *lv denied* 97 NY2d 613 [2002]). Moreover, "even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency where the agency's determination is supported by the record" (*Matter of Cohen v State of New York*, 2 AD3d 522, 525 [2d Dept 2003]).

Contrary to petitioner's argument, respondent was not required to make specific findings in the AEP Order (*see Matter of Mid-Island Hosp. v Wyman*, 25 AD2d 765, 767 [2d Dept 1966]; *Matter of McPartland v McCoy*, 35 AD2d 641, 642 [3d Dept 1970]). Supreme Court did not substitute its own judgment for that of the agency when it declined to vacate the AEP Order in its entirety; rather, it permissibly vacated portions of the AEP Order (CPLR 7806).

Renewal was properly denied. Consideration of evidentiary submissions as to a change in circumstances after the agency's determination is not permissible (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of West Vil. Houses Tenants' Assn. v New York City Bd. of Stds. & Appeals*, 302 AD2d 230, 231 [1st Dept 2003], *lv dismissed* 100 NY2d 533 [2003]).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.