Matter of 54 Marion Ave., LLC v City of Saratoga Springs (2018 NY Slip Op 04611)





Matter of 54 Marion Ave., LLC v City of Saratoga Springs


2018 NY Slip Op 04611


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525243

[*1]In the Matter of 54 MARION AVENUE, LLC, et al., Appellants,
v
CITY OF SARATOGA SPRINGS et al., Respondents.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Ferradino Firm, PLLC, Saratoga Springs (Stephanie W. Ferradino of counsel), for appellants.
FitzGerald Morris Baker Firth, PC, Glens Falls (Michael Crowe of counsel), for respondents.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Chauvin, J.), entered March 13, 2017 in Saratoga County, which, in a combined proceeding pursuant to CPLR article 78 and plenary action, granted respondents' motion to dismiss the petition/complaint.
Petitioner 54 Marion Avenue, LLC (hereinafter the owner) owns a vacant parcel of real property in the City of Saratoga Springs, Saratoga County. The property is situated in an Urban Residential-2 district, where a single-family residence is permitted as of right and certain other uses are allowed with a special use permit and site plan review (see City of Saratoga Springs Zoning Ordinance § 2.0). Commercial uses are generally not allowed in the district. Petitioner Maple Shade Corners, LLC contracted to buy the property upon the contingency that a use variance would be obtained to allow a dental practice to operate there. An application was then made to respondent Zoning Board of Appeals of the City of Saratoga Springs (hereinafter ZBA) for the use variance. Following public hearings, the ZBA denied the application upon the grounds that the alleged hardship was not unique and was self-created.
Petitioners thereafter commenced this CPLR article 78 proceeding and plenary action, seeking to annul the ZBA's determination and damages pursuant to 42 USC § 1983 for an alleged regulatory taking. Respondents moved to dismiss the petition/complaint for failure to [*2]state a cause of action. Supreme Court granted the motion, and petitioners appeal.
Upon a motion to dismiss for failure to state a claim made pursuant to CPLR 3211 (a) (7) and 7804 (f), "[w]e accept the facts as alleged in the [petition/complaint] as true, accord [petitioners] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Matter of Ferran v City of Albany, 116 AD3d 1194, 1195 [2014]). In so doing, affidavits and other proof submitted by petitioners may be considered to remedy any deficiencies in the petition/complaint, and "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; accord Leon v Martinez, 84 NY2d at 88; see Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015]).
"To qualify for a use variance, [petitioners] had the burden to show that (1) they cannot realize a reasonable return if the property is used for a permitted purpose, (2) the hardship results from unique characteristics of the property, (3) the proposed use will not alter the essential character of the neighborhood, and (4) the hardship has not been self-created" (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005], lv denied 6 NY3d 701 [2005] [citations omitted]; see General City Law § 81-b [3]; Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 19 AD3d 968, 970 [2005]). The ZBA found that petitioners demonstrated the first and third elements, but failed to show that the hardship was unique to the property and was not self-created. Our review of that decision is limited to assessing whether it is infected by "illegality, arbitrariness or abuse of discretion," and petitioners allege that the ZBA's findings with regard to the second and fourth elements lack a rational basis in the record (Matter of La Dirot Assoc. v Smith, 169 AD2d 896, 897 [1991]; see Matter of Cowan v Kern, 41 NY2d 591, 598 [1977]).
The property lies next to the intersection of a side street and major thoroughfare. Petitioners submitted proof to the ZBA, also annexed to the petition/complaint, that this situation imposed a unique financial hardship due to the commercial development and increasing traffic on the thoroughfare that had occurred over the 30-plus years in which the owner and related entities owned the property. They supported that argument with affidavits from the owner's principal and real estate professionals, who described the mounting commercialization and worsening traffic problems in the area. The affiants further recounted abortive prior attempts to sell the property for permitted residential use and opined that increasing traffic created unique safety and noise problems for the property that, due to its location next to the intersection, rendered it unmarketable for that use.
The ZBA actually agreed that "the location of this property on a corner may impact its value," and its ultimate conclusion that the financial hardship was not unique seemingly ran counter to that observation (see Matter of Douglaston Civic Assn. v Klein, 51 NY2d 963, 965 [1980]). Moreover, in light of the proof that the need for a use variance only arose decades after the property was acquired due to a gradual shift in the character of the area that rendered the permitted residential use onerous and obsolete, petitioners sufficiently alleged "that the hardship identified by [them] . . . was [not] self-created" (Matter of Citizens Sav. Bank v Board of Zoning Appeals of Vil. of Lansing, 238 AD2d 874, 875 [1997]; see Matter of Kontogiannis v Fritts, 131 AD2d 944, 946-947 [1987]; Matter of Douglaston Civic Assn. v Klein, 67 AD2d 54, 61 [1979], affd 51 NY2d 963 [1980]; cf. Matter of Expressview Dev., Inc. v Town of Gates Zoning Bd. of Appeals, 147 AD3d 1427, 1429-1430 [2017]). Accepting the foregoing as true, as we must, [*3]petitioners stated a viable claim attacking the ZBA's determination.
We agree with Supreme Court, albeit for reasons other than those advanced by it, that the remaining regulatory taking claim must be dismissed. The petition/complaint states, and petitioners' arguments on appeal reflect, that the owner's taking claim is solely premised upon a deprivation of rights afforded under the Federal Constitution (see US Const 5th Amend; 42 USC § 1983). In order for a 42 USC § 1983 claim based upon a regulatory taking to be ripe, however, it is necessary for a petitioner/plaintiff to "demonstrate that [he or] she has both received a 'final decision regarding the application of the [challenged] regulations to the property at issue' from 'the government entity charged with implementing the regulations,' and sought 'compensation through the procedures the [s]tate has provided for doing so'" (Suitum v Tahoe Regional Planning Agency, 520 US 725, 734 [1997], quoting Williamson County Regional Planning Commn. v Hamilton Bank of Johnson City, 473 US 172, 186, 194 [1985]). The denial of the application for a use variance constituted a final decision regarding the application of the zoning regulations to its property (see Williamson County Regional Planning Commn. v Hamilton Bank of Johnson City, 473 US at 191), but there is no indication that the owner then asserted a state claim for inverse condemnation (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 783-787 [2012])[FN1]. Thus, inasmuch as ripeness is a "matter[] pertaining to subject matter jurisdiction which can be raised at any time" (333 Cherry LLC v Northern Resorts, Inc., 66 AD3d 1176, 1178 n 3 [2009]; see Matter of New York Blue Line Council, Inc. v Adirondack Park Agency, 86 AD3d 756, 760 n 4 [2011], appeal dismissed 17 NY3d 947 [2011], lv denied 18 NY3d 806 [2012]), and the second cause of action founded upon 42 USC § 1983 is "unripe because [the owner] failed to seek compensation from the [s]tate before" asserting it (Island Park, LLC v CSX Transp., 559 F3d 96, 110 [2d Cir 2009]; see Kurtz v Verizon N.Y., Inc., 758 F3d 506, 514 [2d Cir 2014], cert denied US , 135 S Ct 1156 [2015]), it must be dismissed.
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of respondents' motion dismissing the claim seeking to annul and vacate the October 3, 2016 determination of respondent Zoning Board of Appeals of the City of Saratoga Springs; motion denied to said extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1:Nothing would preclude a state court "from hearing simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment of the Federal Constitution" (San Remo Hotel, L.P. v City and County of San Francisco, 545 US 323, 346 [2005]; see Sherman v Town of Chester, 752 F3d 554, 563 [2d Cir 2014]). It suffices to say that no request for the former relief was made in this case.